James A. BAILEY and Beverly A. Bailey, his wife

v.

ATLAS POWDER CO., a subsidiary of Tyler Corporation.

John L. KLUS and Olga Klus, his wife

v.

ATLAS POWDER CO., a subsidiary of Tyler Corporation.

Civ. A. Nos. 76–120 ERIE and 77–030 ERIE.

United States District Court, W. D. Pennsylvania.

Feb. 27, 1978.

Will J. Schaaf, Erie, Pa., for plaintiff Bailey.

James P. Lay, III, Erie, Pa., for plaintiff Klus.

John M. McLaughlin, Jack M. Gornall, Erie, Pa., for defendant.

## OPINION

WEBER, Chief Judge.

The plaintiffs in the above-captioned consolidated cases contended in a jury trial that the defendant, in violation of Restatement, Second, of Torts § 402A, manufactured and sold an unreasonably dangerous blasting cap which detonated a charge of dynamite as the result of stray electrical currents which were generated by atmospheric conditions and which were insufficient to detonate a normal blasting cap. Plaintiffs' testimony was to the effect that all usual safety precautions were taken, including the attacking together of the two wires leading from the blasting cap to prevent the entry of static electricity into the line. The jury apparently disbelieved the

plaintiffs' theory of liability and returned a verdict for the defendant on the issue of liability. The plaintiffs now move for new trials on the grounds that the court charged the jury incorrectly on the issues of proximate cause and assumption of the risk.

In arguing that the Court charged the jury incorrectly on the issue of proximate cause, the plaintiffs isolate a passage of two sentences from the rest of a somewhat lengthy charge. The passage states that the defendant is liable if the blasting cap exploded while not attached to its detonator battery and while the wires from the blasting cap were attached together, but that the defendant is not liable if the blasting cap exploded while connected to the battery or while the wires from the blasting cap were not attached together, (Court's Charge to the Jury at p. 17).

We believe that this particular passage—even when isolated from the rest of the charge—correctly states the issue of proximate cause and conforms to the theory of liability urged by the plaintiffs in chambers before the charge was given. The crux of the liability issue in this case was whether an electrical force insufficient to explode a normal blasting cap exploded the cap in question and injured the plaintiffs. The resolution of this factual question turned on whether the jury chose to believe the plaintiffs, who argued that the blasting cap exploded while wire leads from the cap were not attached to the battery, or the defendant's expert witness, who testified that the blasting cap could not have exploded under prevailing conditions unless it was attached to the battery.

Related to the basic issue of credibility is whether the wires from the blasting cap were clipped together or left dangling apart. The defendant's expert offered uncontroverted testimony that, if the wires were clipped together, the blasting cap would have been "shorted" and incapable of explosion even upon application of an amount of current sufficient to detonate a normal cap. Only if Mr. Klus, the blaster, had left the blasting cap wires unattached would it be even remotely possible for stray current from the ground to enter into the wires connected to the blasting cap and to explode an overly sensitive blasting cap. After re-reading this passage from the charge, we cannot see any material inaccuracy.

Even if the isolated passage of the charge were inaccurate, we find that the charge—when considered as a whole—adequately instructed the jury on the issue of liability and thus cannot be the basis for granting the plaintiffs new trials, see *Shaw v. Lauritzen*, 428 F.2d 247 (3d Cir. 1970). Later in the charge, the Court amplified its discussion of causation and explained to the jury that the defendant is liable if the cap exploded because it was defective and exploded when an amount of current insufficient to explode a normal cap was introduced into its connecting wire, (Jury Charge at pp. 20–21). Accordingly, we are satisfied that the whole charge told the jury that the defendant is liable if the blasting cap exploded when energized by an electrical current insufficient to detonate a normal cap, and that the defendant is not liable if the cap exploded when energized by an electrical current sufficient to detonate a normal cap. In sum, the jury charge—whether parsed or taken as a whole—adequately instructed the jury on the issue of causation.

Plaintiff Bailey also contends that the Court erred in its charge that the verdict must be either for both plaintiffs or against both plaintiffs. Bailey argues that, unlike Mr. Klus, he could not have assumed the risk of stray current explosion because he did not know whether the blasting cap wires were connected or not. In making this argument, however, plaintiff Bailey overlooks another legal consequence of not attaching the blasting cap wires together, namely that to leave the wires unattached is an unsafe, abnormal use of the blasting cap which clears the defendant of liability to both plaintiffs under § 402A because the abnormal use of cap, and not any defect therein, is the cause of the plaintiffs' injuries.

Finally, the plaintiff Klus claims that the Court charged the jury that Mr. Klus may have assumed the risk of a defective blasting cap. After re-reading the charge, we find that the charge clearly instructed the jury that the only risk which Mr. Klus may have assumed is that the unconnected blasting cap wires may have induced stray currents to detonate an overly sensitive blasting cap.

For these reasons, the plaintiffs' motions for new trial will be denied.