602 F.2d 585
 James J. BAILEY and Beverly A. Bailey, his wife, Appellants,
v.
ATLAS POWDER COMPANY, a subsidiary of Tyler Corporation.
John L. KLUS and Olga Klus, his wife
v.
ATLAS POWDER COMPANY, a subsidiary of Tyler Corporation.
 No. 78-1543.
 United States Court of Appeals,
Third Circuit.
 Argued June 5, 1979.
Decided July 11, 1979.
 
 Philip B. Friedman (argued), Leonard G. Ambrose, III, Erie, Pa., for appellants.
 James Marnen (argued), John M. McLaughlin, Knox, Graham, McLaughlin, Gornall & Sennett, Inc., Erie, Pa., and Joe B. Harrison, Wynne & Jaffe, Dallas, Tex., for appellee.
 Before ALDISERT, VAN DUSEN and GIBBONS, Circuit Judges.
 OPINION OF THE COURT
 VAN DUSEN, Circuit Judge.
 
 
 1
 The principal question raised in the appeal of this products liability case is: was it error under the Pennsylvania Supreme Court's interpretation of § 402A of the Restatement (Second) of Torts (1965) for the district court to charge the jury that it had to find a product "unreasonably dangerous" before it could find the product's manufacturer, defendant Atlas Powder Co. (Atlas), liable? This court's recent decision in Baker v. Outboard Marine Corp., 595 F.2d 176 (3d Cir. 1979), squarely answers this question in the affirmative. Since we conclude that this issue was not waived and that the district court's instructions were not harmless error, we reverse and remand in accordance with Baker.
 
 
 2
 * Appellants James J. Bailey and his wife, Beverly, filed this diversity action in the United States District Court for the Western District of Pennsylvania for injuries which Mr. Bailey suffered from the unintended explosion of a blasting cap and dynamite. Appellee Atlas was manufacturer of both the dynamite and the cap. At the jury trial, Bailey elected to proceed exclusively under § 402A of the Restatement as adopted by the Pennsylvania courts.
 
 
 3
 With one critical exception, the facts developed at trial were not disputed. Plaintiff Bailey was a "payloader" operator at the Agway Fertilizer Plant in Union City, Pa. On March 5, 1975, while working in the Agway Plant, Bailey approached his immediate supervisor, John Klus,[1] to discuss a work matter. Klus, a licensed dynamite blaster, was at that time in the process of setting up an explosive apparatus to loosen caked fertilizer material so as to facilitate its removal by the "payloader."
 
 
 4
 The blasting apparatus consisted of one stick of dynamite and a blasting cap inserted therein, with two four-foot-long "leg wires" attached to the cap. Only these items were manufactured by defendant Atlas Powder Co. The apparatus also included an insulated, 50-foot "firing line;" at one end of the line were two leads to be attached to the blasting cap's "leg wires," and at the other end were two leads with alligator clips to be attached to a power source. The power source used at the Agway Plant was a six-volt battery.
 
 
 5
 Klus had inserted the blasting cap into the dynamite stick and was connecting one of the lead wires from the firing line to the blasting cap when Bailey approached him. Bailey stood nearby as Klus spliced the second lead wire. Thereupon an explosion occurred, injuring both men.
 
 
 6
 The factual controversy centers on the alligator clips at the other end of the firing line from the blasting cap and dynamite stick. Klus testified that he knew the two alligator clips were clipped together while he prepared the dynamite. The purpose of so clipping them was to close the circuit in order to prevent any outside electrical current from entering it and discharging the blasting cap and dynamite. Bailey's brother, Floyd Bailey, testified that after the explosion he had found the firing line in the debris with the alligator clips clamped together, thereby confirming Klus' testimony. In addition, both Klus and Bailey testified that the battery to which the alligator clips would attach when the apparatus was ready for detonation was unattached and outside the immediate vicinity of the apparatus.
 
 
 7
 In opposition, Atlas presented an expert witness. The gist of his testimony was that it was scientifically impossible for an explosion to have occurred with the circuit in the closed and de-energized configuration which plaintiffs' witnesses had described. The expert's opinion was that the blasting cap detonated because it was connected to the battery.
 
 
 8
 The jury returned a general verdict for Atlas, and the district court entered judgment accordingly. After the district court denied his timely motion for new trial, Bailey filed timely notice of this appeal.
 
 II
 
 9
 Bailey claims that the district court erred in charging the jury that it had to find the product "unreasonably dangerous," as well as defective, before it could find the defendant liable under § 402A.[2] This court addressed an identical claim in the recent products liability case of Baker v. Outboard Marine Corp., 595 F.2d 176 (3d Cir. 1979). There we held that in diversity cases, under the Pennsylvania Supreme Court's decision in Azzarello v. Black Brothers Co., 480 Pa. 547, 391 A.2d 1020 (1978), Reaffirming Berkebile v. Brantley Helicopter Corp., 462 Pa. 83, 337 A.2d 893 (1975) (opinion of Jones, C. J.), reference in a district court's jury instructions to the "unreasonably dangerous" language of § 402A is reversible error requiring a new trial. Although Azzarello had not yet been decided when the district court charged the jury in the Baker case, this court held that Azzarello nevertheless was retrospectively controlling. Baker, supra, 595 F.2d at 182; See Vandenbark v. Owens-Illinois Co., 311 U.S. 538, 61 S.Ct. 347, 85 L.Ed. 227 (1941). See also Bradley v. School Board of Richmond, 416 U.S. 696, 94 S.Ct. 2006, 40 L.Ed.2d 476 (1974).
 
 
 10
 The district court's jury instructions on § 402A in this case, like those of the district court in Baker, repeatedly use the "unreasonably dangerous" phrase and explain it in considerable detail. Compare Appellee's Appendix 102b-106b, 110b, With Baker, supra, 595 F.2d at 179-80 and n.7. Indeed, Atlas concedes that the district court's instructions were substantively erroneous under the Azzarello-Berkebile rule, as retroactively applied in Baker.
 
 
 11
 Atlas argues, however, that Bailey waived his objection to the " unreasonably dangerous" charge by failing to request that the district court avoid such a charge, and indeed by specifically requesting a charge which contained the "unreasonably dangerous" language. See Plaintiff Bailey's Requested Points for Charge Nos. 4 and 10, Appellee's App. 125b, 126b. But under then controlling decisions of this court in Greiner v. Volkswagenwerk Aktiengesellschaft, 540 F.2d 85 (3d Cir. 1976), and in Bair v. American Motors Corp., 535 F.2d 249 (3d Cir. 1976), the district court was constrained to give the "unreasonably dangerous" charge; any alternative request to avoid the "unreasonably dangerous" language would have been unavailing. See Azzarello, supra, 480 Pa. at 551, 391 A.2d at 1023. Instead, Bailey's counsel requested a charge which would have effectively circumvented an "unreasonably dangerous" instruction by requiring the jury to find the blasting cap unreasonably dangerous if it merely found that the cap malfunctioned. Requested Point for Charge No. 9, Appellee's App. 126b. In addition, counsel for Bailey's co-plaintiff Klus objected in general terms "to the charge of the court on unreasonable danger," impliedly on behalf of both plaintiffs. Appellee's App. 115b. Under these circumstances, plaintiff's right to raise the Azzarello-Berkebile issue on appeal has been preserved, even if his counsel did not "adamantly (oppose) inclusion of the 'unreasonably dangerous' phrase in the jury charge" to the extent that plaintiff's counsel in Baker had. Id., 595 F.2d at 179 n.6.
 
 
 12
 Atlas also contends that use of the "unreasonably dangerous" charge was harmless error, because the district court effectively removed the issue of unreasonable danger from the jury elsewhere in its instructions.[3] However, the instructions in this respect are equivocal at best. The district court did charge the jury that if it found that the alligator clips were connected to the battery Or merely that they were not clipped to each other so as to exclude stray current, it should find for defendant. Appellee's App. 109b. But elsewhere the charge can be construed to state that the jury could find the defendant liable even if it found the clips not to have been clipped together, if it found that an overly sensitive cap was activated by stray electrical force which would have been insufficient to explode a normal dynamite cap. 112b-113b. These equivocal instructions do not adequately delineate the circumstances under which "the risk of loss should be placed upon the supplier" as a matter of law. See note 3 above. Azzarello, supra, 480 Pa. at 556, 391 A.2d at 1025. Further, even if the charge relating to the alligator clips had clearly defined the orbit of the jury's permissible decision-making, it is doubtful whether this portion of the charge could have overcome the effect of the extensive "unreasonable danger" instructions, reproduced in Appellee's App. at 103b-107b. Viewed as a whole, the charge "fatally rings of negligence." See Baker, supra, 595 F.2d at 182 n.18; Berkebile, supra, 462 Pa. at 96-97, 337 A.2d at 900. Thus the error was not harmless; Bailey is entitled to a new trial.
 
 III
 
 13
 In their briefs and other communications with this court, the parties have pressed differing theories about the issues of law and fact involved in this case. For example, Bailey appears to contend that even with the alligator clips unattached to each other, the blasting cap and dynamite should be held "unreasonably dangerous" as a matter of law if they could be prematurely detonated by mere stray or static electricity. Appellant's Brief at 18; Appellant's Reply Brief at 2. Atlas appears to contend that, at the most, the products could be "unreasonably dangerous" as a matter of law only if they detonated with the clips closed and unattached to the battery. Appellee's Brief at 8-9. Alternatively, Atlas argues that if Klus left the clips unattached to each other, any defect in the product could not, as a matter of law, have proximately caused Bailey's injury. Id. at 21.
 
 
 14
 On the present record, this court is unable to ascertain which, if any, of these proposed theories of law should govern on remand, because the parties at the new trial may wish to offer further evidence in view of Azzarello. As to the "unreasonably dangerous" issue, Azzarello dictates that the district court determine as a matter of law, in light of the policy factors suggested in that opinion, under what circumstances the risk of loss from unintentionally detonating dynamite should be placed upon the supplier. 480 Pa. at 557, 391 A.2d at 1026, and note 3 above; See also 480 Pa. at 559, 391 A.2d at 1027 n.11. After this judicial determination is made and clearly communicated to the jury, the latter should determine whether the requisite circumstances were in fact present.[4]
 
 
 15
 As to Atlas' proposed theory on the issue of proximate cause, on the present record we reject it as an alternative ground for affirming the district court judgment. However, depending on the evidence produced at the new trial, it is possible that Atlas' contentions will be relevant thereto. In such event our decisions in Baker, supra, 595 F.2d at 182-84, and in Eshbach v. W. T. Grant's & Co., 481 F.2d 940, 944-45 (3d Cir. 1973), may provide guidance to the district court.[5]
 
 
 16
 The judgment of the district court shall be reversed and the case remanded for new trial consistent with this opinion and the opinion in Baker. Each party shall bear its own costs in this appeal.
 
 
 
 [1]
 Klus was plaintiff in Klus v. Atlas Powder Co., 445 F.Supp. 374 (W.D.Pa., 1977), which was consolidated with this case at trial. Only Bailey's appeal is before this court, Klus having abandoned his appeal
 
 
 [2]
 Section 402A of the Restatement (Second) of Torts provides:
 " § 402A. Special Liability of Seller of Product for Physical Harm to User or Consumer
 (1) One who sells any product in a defective condition unreasonably dangerous to the user or consumer or to his property is subject to liability for physical harm thereby caused to the ultimate user or consumer, or to his property, if
 (a) the seller is engaged in the business of selling such a product, and
 (b) it is expected to and does reach the user or consumer without substantial change in the condition in which it is sold.
 (2) The rule stated in Subsection (1) applies although
 (a) the seller has exercised all possible care in the preparation and sale of his product, and
 (b) the user or consumer has not bought the product from or entered into any contractual relation with the seller."
 
 
 [3]
 Azzarello held that "the words 'unreasonably dangerous' have no independent significance and merely represent a label to be used where it is determined that the risk of loss should be placed upon the supplier." 480 Pa. at 556, 391 A.2d at 1025. The question of when so to allocate the risk of loss is for the court and not for the jury:
 "These are questions of law and their resolution depends upon social policy. . . . It is a judicial function to decide whether, under plaintiff's averment of the facts, recovery would be justified; and only after this judicial determination is made is the cause submitted to the jury to determine whether the facts of the case support the averments of the complaint. They do not fall within the orbit of a factual dispute which is properly assigned to the jury for resolution. A standard suggesting the existence of a 'defect' if the article is unreasonably dangerous or not duly safe is inadequate to guide a lay jury in resolving these questions."
 
 
 [480]
 Pa. at 558, 391 A.2d at 1026
 
 
 [4]
 For example, depending on the evidence produced at the new trial, the district court might determine that the dynamite and blasting caps were "unreasonably dangerous" if they could be detonated by mere stray electricity, in which case the jury need find only that the alligator clips were not connected to a power source in order to find liability. Alternatively, the district court might determine that the products were "unreasonably dangerous" only if they could detonate without any electrical impulse, in which case the jury must find that the clips were clamped together in order to find liability
 
 
 [5]
 In this appeal, Bailey also asserts that the district court erred (1) in instructing the jury that Bailey's co-plaintiff Klus could not recover if he assumed the risk of an explosion, and (2) in instructing the jury that its verdict had to be either for both Bailey and Klus, or for the defendant Atlas. However, Klus has since withdrawn his separate appeal and thus will not be a co-plaintiff in the new trial. Since the district court should not have occasion to repeat on retrial the instructions about which Bailey complains, it is unnecessary for this court to pass on the validity of these complaints