Charlotte MATTOCKS and Kevin Mattocks, a minor, by Charlotte Mattocks, his mother, Appellants,

v.

DAYLIN, INC., Appellee,

v.

SULLCRAFT MANUFACTURING COMPANY, a corporation t/d/b/a Anson Pajama Company, Appellee,

v.

DAN RIVER, INC.

v.

COMMERCIAL UNION INSURANCE COMPANY

v.

INSURANCE COMPANY OF NORTH AMERICA.

No. 78–1841.

United States Court of Appeals, Third Circuit.

Submitted under Third Circuit Rule 12(6) Nov. 16, 1979.

Decided Dec. 12, 1979.

Andrew J. Conner, Dunn & Conner, Erie, Pa., for appellant.

John M. Wolford, MacDonald, Illig, Jones & Britton, Erie, Pa., for Dan River Inc. & INA.

John M. McLaughlin, Knox, Graham, McLaughlin, Gornall & Sennett, Inc., Erie, for Sullcraft Mfg. Co., etc.

James T. Marnen, Knox Graham, McLaughlin, Gornall & Sennett, Inc., Erie, Pa., for Daylin, Inc. & Sullcraft Mfg. Co., Inc., etc.

Before GIBBONS, HIGGINBOTHAM and SLOVITER, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

In this diversity products liability case Charlotte Mattocks and Kevin Mattocks a minor, appeal from a judgment for the defendant following an adverse jury verdict. The plaintiffs seek damages on account of burns suffered by Kevin Mattocks when his pajamas caught fire. Their theory of liability was that the fabric from which the pajamas were made was too flammable for such use. They contend on appeal that the court erred in submitting the case to the jury on a special verdict interrogatory which asked:

> Were the pajamas worn by Kevin Mattocks on the day of the accident in a condition *unreasonably dangerous* to a user? (emphasis added).

The appellees candidly concede that under our decisions in *Baker v. Outboard Marine Corp.*, 595 F.2d 176 (3d Cir. 1979), and *Bailey v. Atlas Powder Co.*, 602 F.2d 585 (3d Cir. 1979), inclusion of the words "unreasonably dangerous" in a special verdict interrogatory in a Pennsylvania strict liability case is error requiring a new trial.

The Mattocks also urge that the trial court erred in refusing to charge on a failure to warn theory. The court refused so to charge because of lack of proof of proximate cause between any such failure and the infant's injuries. Since we are remanding for a new trial there is no occasion to review the evidence upon which the court relied in so ruling.

The Mattocks also contend that the court erred in refusing their request to reallocate peremptory challenges so as to equalize challenges between them and the seller defendants. This was a discretionary ruling, *see* 28 U.S.C. § 1870 (1976), and we have no occasion to review for an abuse of discretion since a new trial is granted on another ground.

The judgment appealed from will be reversed and the case remanded for a new trial on its strict liability claim.