Joanne BAIR, Appellant,

v.

AMERICAN MOTORS CORPORATION

v.

Viola Janie McADEN, Third
Party Defendant.

No. 75–2199.

United States Court of Appeals,
Third Circuit.

Submitted Under Third Circuit Rule
12(6), May 6, 1976.

Decided May 17, 1976.

**250**

George J. O'Neill, Philadelphia, Pa., for appellant.

Glenn C. Equi, Harvey, Pennington, Herting & Renneisen, Ltd., Philadelphia, Pa., for appellee.

Before ALDISERT, GIBBONS and GARTH, Circuit Judges.

## OPINION OF THE COURT

PER CURIAM:

After careful consideration of the contentions presented by appellant, we will affirm the judgment of the district court. We write to record a few observations, however, because various appeals have requested us to grant relief on the theory that the recent decision in *Berkebile v. Brantly Helicopter Corp.*, Pa., 337 A.2d 893 (1975), changed the Pennsylvania rules of strict liability.

Since 1966, § 402A of the Restatement of Torts, Second has served as the law of strict liability in Pennsylvania. *Webb v. Zern*, 422 Pa. 424, 220 A.2d 853 (1966). In *Berkebile*, Chief Justice Jones wrote the lead opinion and "held" that the requirement of "unreasonably dangerous" should be purged from the law of strict liability in Pennsylvania. The court affirmed a reversal of a verdict for defendant. Only one other justice, however, joined in Justice Jones' opinion; three justices concurred in the result only; and two justices concurred specially, each filing a short opinion.

*Commonwealth v. Little*, 432 Pa. 256, 248 A.2d 32 (1968), declined to follow a prior opinion representing the views of only two justices; the Supreme Court of Pennsylvania there reasoned that an opinion "joined by only one other member of this Court has no binding precedential value." *Ibid.* at 260, 248 A.2d at 35. Applying the rationale of *Little* to the *Berkebile* situation, we are constrained to accept the reasoning set forth by The Honorable Daniel H. Huyett, 3rd, in *Beron v. Kramer-Trenton Co.*, 402 F.Supp. 1268, 1277 (E.D.Pa.1975), *i. e.*, "that the views expressed in Chief Justice Jones' opinion in *Berkebile* are not the law of Pennsylvania, and that it is proper to instruct a jury that it must find that a defective condition be unreasonably dangerous to the user or consumer."

Moreover, we note that in this case appellant submitted requests for jury instructions using the phrase "unreasonably dangerous" and made no objection to the court's inclusion, *vel non*, of this phrase in its charge.

The judgment of the district court will be affirmed.