368 A.2d 648

MT. LEBANON, Pennsylvania, a Home Rule
Municipal Corporation

v.

COUNTY BOARD OF ELECTIONS OF the
COUNTY OF ALLEGHENY, et al.

Appeal of Roger W. LUND and Ruth
M. Lund, his wife.

Supreme Court of Pennsylvania.

Argued Nov. 16, 1976.

Decided Jan. 28, 1977.

318

Frank E. Coho, Pittsburgh, for appellants.

Edwin L. Klett, Bryan D. Rosenberger, Eckert, Seamans, Cherin & Mellott, Pittsburgh, for appellee, Mt. Lebanon, Pa.

Alexander J. Jaffurs, Solicitor, James H. McLean, Deputy Solicitor, Allegheny County, Pittsburgh, did not argue or file a brief.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

This appeal results from a March 17, 1976, decree of the Court of Common Pleas of Allegheny County enjoining the Allegheny County Board of Elections from placing on the ballot two proposed amendments to the Mt. Lebanon Home Rule Charter.

Appellee, Mt. Lebanon, Pennsylvania, is a home rule municipality, having adopted a home rule charter effective January 1, 1975. On January 9, 1976, the Board of Elections of the County of Allegheny notified appellee that proposed amendments to appellee's home rule charter had been received.[1] The amendments[2] were to be submitted to the Mt. Lebanon electorate on the April 27, 1976, primary election ballot. On February 23, 1976, appellee Mt. Lebanon, filed an action in equity, seeking to enjoin the Board of Elections from placing the proposed amendments on the ballot. On March 4, 1976, appellants, Roger W. Lund and Ruth M. Lund, citizens and taxpayers of appellee, were permitted to intervene as party-defendants.

Following a March 5, 1976 hearing, the court below ordered the proposed amendments stricken from the ballot, holding that the amendments, *if adopted*, would be unconstitutional. This appeal followed.[3]

### I

We believe the court below erred in issuing its decree. While expressing no opinion on the constitutionality of

1. Article II, Mt. Lebanon Home Rule Charter.

2. One proposed amendment required voter approval of any increase of new non-electoral debt or lease rental debt in an amount exceeding 25% of current borrowing base. The other required electoral approval of any increase in the annual tax levy in excess of two mills.

3. Appellants-intervenors, the Lunds, were the only parties to appeal from the chancellor's decree.

the proposed amendments, we believe the court should have dismissed the action for want of subject matter jurisdiction.

Article II, § 1, of the Pennsylvania Constitution provides:

"The legislative power of this Commonwealth shall be vested in a General Assembly, which shall consist of a Senate and a House of Representatives."

Legislative power has been defined as the power to make, alter, and repeal laws. *Marshall Impeachment Case*, 363 Pa. 326, 69 A.2d 619 (1949). Furthermore, the courts may not encroach on the legislature's powers. *Leahey v. Farrell*, 362 Pa. 52, 66 A.2d 577 (1949). As an amendment to a home rule charter has the force and status of a legislative enactment, *Addison Case*, 385 Pa. 48, 122 A.2d 272 (1956), the courts should not interfere. As Justice (later Chief Justice) Charles Alvin Jones stated, in his dissenting opinion in *Schultz v. Philadelphia*, 385 Pa. 79, 89–90, 122 A.2d 279, 284 (1956):

"The jurisdiction of a court of equity may not be invoked to enjoin the enactment of a bill during the course of its passage through a legislative body. Such is the preponderant weight of authority throughout this Country and I say that without fear of successful contradiction. . . . Would anyone have the temerity to suggest that the Court of Common Pleas of Dauphin County, sitting in equity, would extend its jurisdiction to a complainant who sought to enjoin the enactment of a bill during its passage through the legislature even though it was conceded on all sides that the bill, if passed, would be a gross and palpable violation of the Constitution?"

As this court stated in *Cali v. Philadelphia*, 406 Pa. 290, 312, 177 A.2d 824, 835 (1962):

". . . it is too often forgotten that under our basic form and system of Constitutional Government the

power and duty of a Supreme Court is interpretative, not legislative. We are not a Supreme, or even a Superior Legislature, and we have no power to redraw the Constitution or to rewrite Legislative Acts or Charters, desirable as that sometimes would be."

Furthermore, this court should not offer advisory opinions during the deliberative stages of the legislative process.

In *Knup v. Philadelphia*, 386 Pa. 350, 353, 126 A.2d 399, 400 (1956), this court stated:

". . . it is equally well established that a court will take jurisdiction only in a case in which a challenged statute, ordinance, or rule of court has been actually applied to a litigant; it does not undertake to decide academically the unconstitutionality or other alleged invalidity of legislation until it is brought into operation so as to impinge upon the rights of some person or persons."

See also *Bliss Excavating Co. v. Luzerne Co.*, 418 Pa. 446, 211 A.2d 532 (1965); *Pittsburgh Outdoor Adv. Co. v. Clairton*, 390 Pa. 1, 133 A.2d 542 (1957). In the instant case, there was only *proposed* legislation which, until enacted, affected no one. The instant action was an attempt to obtain an advisory opinion.

## II

The court below, however, on the authority of *Schultz v. Philadelphia, supra,* held that it was proper to enjoin a home rule municipality from passing an unconstitutional amendment.

In *Schultz, supra,* this court held that proposed amendments to the Philadelphia Home Rule Charter were properly kept off the ballot for failure to comply with provisions concerning advertisement and public hearings. The court went on to state, by way of dictum, that the

amendments would be unconstitutional if enacted. The court stated, 385 Pa. at page 86, 122 A.2d at page 283:

"It is urged that the Court should not pass upon the validity of the proposed legislation at this time but should defer a decision thereon until after the measure shall have been voted upon at the polls. We cannot subscribe to this point of view. The question of validity has been argued before us by all parties in interest, and since, as a result thereof, we are convinced that the legislation is in fact invalid, it would seem to us to be wholly unjustified to allow the voters to give their time, thought and deliberation to the question of the desirability of the legislation as to which they are to cast their ballots, and thereafter, if their vote be in the affirmative, confront them with a judicial decree that their action was in vain because of the reasons herein set forth."

█ We believe the above-quoted language in *Schultz, supra,* must be disregarded. First, the pronouncement is pure dictum. The *Schultz* decision could have been based on the failure to advertise and hold public hearings. Since the procedure for placing the questions on the ballot was not followed, the court properly kept the questions off the ballot. This court has consistently held that we should not decide a constitutional question unless absolutely required to do so. *Lattanzio v. Unemploy. Comp. Bd. of Rev.*, 461 Pa. 392, 336 A.2d 595 (1975); *Lynch v. O. J. Roberts Sch. Dist.*, 430 Pa. 461, 244 A.2d 1 (1968); *Robinson Twp. Sch. Dist. v. Houghton*, 387 Pa. 236, 128 A.2d 58 (1956); *Commonwealth v. Picard*, 296 Pa. 120, 145 A. 794 (1929); *Bedford v. Shilling*, 4 Serg. & R. 401 (1818). Since an alternative, nonconstitutional ground existed and was discussed, the statement in question was not only dictum, but dictum that flew in the face of existing case law and proper appellate procedure.

█ Secondly, the *Schultz* opinion was not a majority opinion and, therefore, non-decisional. The case was ar-

gued before a six-man court. The opinion of Chief Justice Stern was joined by Justices Chidsey and Arnold. Justice (later Chief Justice) Bell concurred in the result. Justice (later Chief Justice) Charles Alvin Jones and Justice Musmanno filed dissenting opinions. The nondecisional nature of the opinion is another factor in deciding to disregard the statement.

Furthermore, the discussion in part I of this opinion is applicable here. *Schultz* attempts to allow unwarranted judicial interference with the legislative process. This intrusion conflicts with sound constitutional principles and two centuries of case law of this court.

For the reasons mentioned, we disregard the dicta in *Schultz.* As the court had no subject matter jurisdiction, we must vacate the appeal and dismiss the complaint.

Appeal vacated and case remanded to the Court of Common Pleas of Allegheny County to dismiss Mt. Lebanon's complaint.

MANDERINO, J., concurs in the result.