**Walter KRUSE, John Fee and Helena Fee, Plaintiffs,**

v.

**ZENITH RADIO CORPORATION, Defendant.**

**AMERICAN STATES INSURANCE COMPANY, Intervenor,**

v.

**ZENITH RADIO CORPORATION, John Fee and Helena Fee.**

**Civ. A. No. 76–1474.**

United States District Court, W. D. Pennsylvania.

March 21, 1979.

**68**

Thomas A. Kovalchick, George, Wasson, Sekula, Kovalchick & Irwin, Arnold, Pa., for plaintiffs.

Theodore O. Struk, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for defendant.

Paul R. Marks, Egler & Reinstadtler, Pittsburgh, Pa., for intervenor.

## MEMORANDUM OPINION AND ORDER

TEITELBAUM, District Judge.

This suit was commenced as a diversity action by plaintiffs Walter Kruse, John Fee and Helena Fee. The claim set forth by original plaintiffs was for the entire property damage to a home owned by Kruse and occupied by the Fees, as well as damage to personalty owned by the Fees and personal injuries to Helena Fee.

Subsequently, American States Insurance Company sought, and was granted, leave to intervene as a party plaintiff to this action. The basis for such intervention was American States' $25,000 subrogation interest in any recovery secured by Kruse for damage to the realty.

The theories of liability set forth by all plaintiffs were negligence and strict liability under *Section 402A, Restatement, Torts 2d.* Plaintiffs alleged that a fire which occurred in the home on April 16, 1975, resulted from a defect in a Zenith television located in the home.

On November 15, 1978, in answer to special interrogatories, the jury rendered a verdict in favor of defendant and judgment was so entered on the same day. On November 20, 1978, American States served a motion for new trial on counsel for defendant. Plaintiffs Walter Kruse, John Fee and Helena Fee filed a motion for new trial with the Court on November 22, 1978 and a copy of the motion for new trial was mailed to defendant on December 4, 1978. Subsequently, defendant filed a motion to strike the new trial motions of both the original plaintiffs and the intervenor plaintiff. Thus, defendant's motion to strike as well as both motions for new trial are presently ripe for disposition.

*Motion to Strike*

Defendant's motion to strike the new trial motions of both the original plaintiffs and the intervenor plaintiff is predicated upon Federal Rule of Civil Procedure 59(b). Rule 59(b) provides as follows:

> *"A motion for a new trial shall be served not later than ten (10) days after the entry of the judgment."* (emphasis added)

Defendant therefore concludes that plaintiffs' failure to serve their motion for new trial upon defendant within the required ten-day period mandates that plaintiffs' new trial motion be stricken regardless of the fact that it was filed with the Court within ten days of judgment.

Rule 59(b) and the case law construing it clearly require that a motion for new trial be served within ten days to be timely. Service beyond the prescribed ten-day period divests the Court of the power to entertain any such delinquent new trial motion. *John E. Smith's Sons Co. v. Lattimer Foundry & Mach. Co.,* 239 F.2d 815 (3d Cir. 1956); *Brest v. Philadelphia Transp. Co.,* 273 F.2d 22 (3d Cir. 1959); *Sutherland v. Fitzgerald,* 291 F.2d 846 (10th Cir. 1961); *Mroz v. Dravo Corporation,* 293 F.Supp. 499 (W.D.Pa.1968); *Parks v. "Mr. Ford,"* 68 F.R.D. 305 (E.D.Pa.1975). As stated in 6A Moore's *Federal Practice* ¶ 59.09[1]:

> *"Rule 59(b) states that a motion for a new trial 'shall be served not later than 10 days after the entry of the judgment;' and Rule 6(b) provides expressly that this time period may not be enlarged by the Court. . . . If the motion for new*

*trial is untimely, the trial Court has no choice but to deny the motion . . ..*"

█ The only possible source of relief to plaintiffs is Federal Rule of Civil Procedure 60(b) which permits the Court to entertain a motion for a new trial which is untimely under Rule 59(b) upon a showing of *"mistake, inadvertence, surprise, or excusable neglect"* or a showing of *"any other reason justifying relief from the operation of the judgment."* Rule 60(b), however, contemplates extraordinary relief and is only applicable upon a showing of exceptional circumstances. *John E. Smith's Sons, supra* at 817. Plaintiffs have failed to make any allegation which would provide the basis for invoking relief under Rule 60(b). Accordingly, although plaintiffs' contentions on behalf of their motion for new trial would have otherwise merited serious consideration, this Court is without any power to address those contentions. Defendant's motion to strike motion for new trial will be granted as to plaintiffs Walter Kruse, John Fee and Helena Fee for failure to comply with Federal Rule of Civil Procedure 59(b).[1]

Defendant's motion to strike motion for new trial of American States Insurance Company, however, is a horse of a different color. American States Insurance Company timely served its motion for new trial within the ten-day period of Rule 59(b). Defendant contends, nonetheless, that intervenor's motion should be stricken because the rights of American States can rise no higher than the rights of Walter Kruse since American States asserts subrogation rights in any recovery of his. Defendant therefore concludes that since the Court has no power to entertain the motion for new trial of Walter Kruse, the Court has no power to entertain the new trial motion of American States.

██ The proper standard to be used in determining whether the claim of American States survives the extinguishment of plaintiffs' main action is whether or not an independent basis of jurisdiction exists for the assertion of American States subrogation rights. *Wright & Miller, Federal Practice and Procedure: Civil Sec. 1920.* In the case *sub judice* such independent grounds of jurisdiction do exist in the form of diversity of citizenship and amount in controversy to enable the intervenor to pursue its subrogation rights even in the absence of plaintiffs. American States is a corporation incorporated in the State of Indiana having its principal place of business in the State of Indiana. Defendant, Zenith Radio Corporation, is incorporated in the State of Delaware having its principal place of business in the State of Illinois. Additionally, intervenor's claim of $25,000 satisfies the amount in controversy requirement. With venue bestowed upon this district as the situs in which the claim arose, *28 U.S.C. Sec. 1391,* intervenor American States Insurance Company's subrogation claim may proceed in the absence of plaintiff Walter Kruse. Defendant's motion to strike motion for new trial will therefore be denied as to American States.

*Merits of Intervenor's New Trial Motion*

█ Having concluded that the claim of American States may independently proceed, an examination of the merits of its new trial motion is now appropriate. Intervenor has requested a new trial in light of the recent Pennsylvania Supreme Court decision in the case of *Azzarello v. Black Brothers Company, Inc., 480 Pa. 547, 391 A.2d 1020 (1978).* At the trial of this Case, the Court's charge to the jury was controlled by the decision of the Court of Appeals for the Third Circuit in *Bair v. American Motors Corp., 535 F.2d 249 (3d Cir. 1976).* In accordance with *Bair,* the Court instructed the jury that the Zenith television set must be *"unreasonably dangerous"* to the user at the time it was sold to expose Zenith to liability under *Sec. 402A of the Restatement (Second) of Torts.* To the extent that the Pennsylvania Supreme Court

---

1. *Plaintiffs resist defendant's motion to strike their motion for new trial by asserting that defendant has not been prejudiced. Lack of* prejudice, however, is insufficient to resurrect the lost power of this Court to consider the plaintiffs' new trial motion.

in *Azzarello* now indicates that *"unreasonably dangerous"* is not an element of proof under *Sec. 402A*, the decision of the Court of Appeals in *Bair* on controlling Pennsylvania law appears to have been overruled by the unanimous Opinion expressed in *Azzarello*.[2] Accordingly, American States is entitled to a retrial of its *402A* cause of action under the *Azzarello* standard.[3] The motion of intervenor American States Insurance Company for a new trial will therefore be granted as to its strict liability claim.

2. *"This is not to say that we approve the Pennsylvania view or believe it will be the Pennsylvania position in the future . . . and perhaps Pennsylvania will reconsider the reason for its rule in a future case. We are nonetheless required to apply the current rule in Pennsylvania." Neville Chemical Company v. Union Carbide Corporation, 422 F.2d 1205, 1227–1228 (3d Cir. 1970).*

3. *There being no indication or allegation in intervenor's motion for new trial that the cause of action based upon negligence was improperly submitted to the jury, the retrial will be solely limited to the theory of strict liability under the authority of Federal Rule of Civil Procedure 59(a) which permits a new trial to be limited to part of the issues previously tried.*