VARGUS, Wendy E., Ind. and as Administratrix of the Estate of Vargus, Jessie H., Deceased, Appellant,

v.

## PITMAN MANUFACTURING COMPANY

v.

## HENKELS & McCOY, INC.

No. 81-1802.

United States Court of Appeals, Third Circuit.

March 30, 1982.

Before ALDISERT, ROSENN and WEIS, Circuit Judges.

## OPINION OF THE COURT

ALDISERT, Circuit Judge.

The major question presented by appellant's petition for rehearing in this diversity case is whether the Pennsylvania Supreme Court's decision in *Rutter v. Northeastern Beaver County School District,* 496 Pa. 590, 437 A.2d 1198 (1981), effected a substantial change in Pennsylvania's law of assumption of risk. If so, we must decide whether the panel should vacate the district court's judgment, 510 F.Supp. 116, and remand for reconsideration in light of this change. Acting on evidence overwhelmingly in support of its verdict, the jury in this case found that the appellant's decedent had assumed the risk of the accident that caused his death, and the district court entered judgment for the defendant manufacturer. We affirmed by judgment order approximately two weeks before *Rutter* was decided. The appellant now argues that the *Rutter* decision abolished the defense of assumption of risk in Pennsylvania. We disagree. Because the opinion announcing the judgment in *Rutter* was not joined by a majority of the Court, and therefore is not binding precedent, we will deny the petition for panel rehearing.

## I.

Under Pennsylvania law, an opinion joined by fewer than a majority of the justices on the Commonwealth's Supreme Court is not binding or controlling precedent. *Mt. Lebanon v. County Board of Elections,* 470 Pa. 317, 368 A.2d 648 (1977); *Bata v. Central-Penn Bank,* 448 Pa. 355, 373, 293 A.2d 343, 353 (1972), *cert. denied,* 410 U.S. 960, 93 S.Ct. 1417, 35 L.Ed.2d 695 (1973); *Commonwealth v. Silverman,* 442 Pa. 211, 218 n.8, 275 A.2d 308, 312 n.8 (1971), *cert. denied,* 405 U.S. 1064, 92 S.Ct. 1490, 31 L.Ed.2d 794 (1972); *Commonwealth v. Little,* 432 Pa. 256, 260–61, 248 A.2d 32, 35 (1968). Applying that principle to a products liability case, this court has held that an opinion of "less than a majority of the [Pennsylvania Supreme] Court . . . must be treated only as an expression of the views of a minority of the court." *Greiner v. Volkswagenwerk Aktiengesellschaft,* 540 F.2d 85, 91 (3d Cir. 1976); *see also Bair v. American Motors Corp.,* 535 F.2d 249, 250 (3d Cir. 1976) (per curiam).

## II.

It is against these precepts that we analyze the *Rutter* decision. *Rutter* reversed the Superior Court's affirmance of a compulsory nonsuit entered by the trial court. The appellant presented three contentions: 1) that it was error for the court to enter a compulsory nonsuit; 2) that the trial court erred in refusing to admit certain expert testimony; and 3) that the trial court erred in holding, as a matter of law, that appellant voluntarily assumed the risk of all injuries incurred in playing "jungle football." Justice Flaherty wrote the opinion announcing the judgment which was joined by Justices Larsen and Kauffman. Justice Flaherty considered in detail all three contentions presented by the appellant and expressed the view that the trial court erred in the following respects:

in denying appellant's expert an opportunity to testify; in deciding that appellant had not made out a sufficient case of negligence to go to the jury; and in granting a compulsory nonsuit against appellant because he had not made out a sufficient case of negligence to go to the jury and because he was barred from

recovery by application of the assumption of risk doctrine.

496 Pa. at 605, 437 A.2d at 1205. At this point, the opinion writer deemed it "appropriate to explore further" the origin and validity of the doctrine of assumption of the risk. The product of that exploration was a conclusion that the "difficulties of using the term 'assumption of risk' outweigh its benefits" and that therefore, with certain exceptions, it should no longer be applied in Pennsylvania tort cases. *Id.* at 613, 437 A.2d at 1209. The opinion concluded:

> The order of the Superior Court is reversed, the motion to remove the compulsory nonsuit is granted, and the case is remanded to the Court of Common Pleas of Beaver County for proceedings not inconsistent with this Opinion.

*Id.* at 613–14, 437 A.2d at 1209–10 (footnote omitted). Chief Justice O'Brien filed no opinion but was noted as concurring "in the result." *Id.* at 616, 437 A.2d at 1211. Justices Roberts and Nix, both of whom were joined by Justice Wilkinson, filed dissenting opinions.

██ Standing alone, Chief Justice O'Brien's concurrence is ambiguous. On the one hand, part of the "result" was a remand "for proceedings not inconsistent with this opinion," which would imply that assumption of risk would not bar plaintiff's recovery on retrial. The Pennsylvania Supreme Court, however, has consistently held that a concurrence in the result only cannot confer precedential value to an opinion. *See Mt. Lebanon v. County Board of Elections,* 470 Pa. at 322–23, 368 A.2d at 651; *Commonwealth v. Silverman,* 442 Pa. at 218 n.8, 275 A.2d at 312 n.8; and *Commonwealth v. Little,* 432 Pa. at 260–61, 248 A.2d at 35. *See also Commonwealth v. Davenport,* 462 Pa. 543, 551, 342 A.2d 67, 71 (1975). Nevertheless we might conclude that Chief Justice O'Brien concurred with the view that assumption of the risk doctrine was abolished, at least in that case, were it not for one conspicuous statement in Justice Roberts' brief dissent:

> Because only three of the seven members of this Court participating in this

decision would abrogate assumption of risk, assumption of risk remains the law in this Commonwealth, *see Mt. Lebanon v. County Board of Elections,* 470 Pa. 317, 322–323, 368 A.2d 648, 650–651 (1977), and thus is available to the defendants on remand.

496 Pa. at 617 n.2, 437 A.2d at 1211 n.2. Neither Justice Flaherty, the author of the lead opinion, nor Chief Justice O'Brien, nor any other justice challenged this characterization of the decision. Because of their silence, we can only surmise that Chief Justice O'Brien's concurrence was limited to removal of the nonsuit and remand to the trial court for a new trial. We find it jurisprudentially inconceivable that Justice Roberts' direct assertion would go unanswered if it were inaccurate. Accordingly, we conclude that *Rutter* is not controlling precedent for the proposition advanced by the petition in this case.

The situation confronting us today is analogous to our recent experience with *Berkebile v. Brantley Helicopter Corp.,* 462 Pa. 83, 337 A.2d 893 (1975), another Pennsylvania Supreme Court plurality opinion. In *Berkebile,* the plurality attempted to abolish the "unreasonably dangerous" element of strict product liability under Restatement (Second) of Torts § 402A. Chief Justice Jones, joined only by Justice Nix, wrote that

> the "reasonable man" standard in any form has no place in a strict liability case. The salutary purpose of the "unreasonably dangerous" qualification [of 402A] is to preclude the seller's liability where it cannot be said that the product is defective; this purpose can be met by requiring proof of a defect. . . . The plaintiff must still prove that there was a defect in the product and that the defect caused his injury; but if he sustains this burden, he will have proved that as to him the product was unreasonably dangerous. It is therefore unnecessary and improper to charge the jury on "reasonableness."

462 Pa. at 96–97, 337 A.2d at 900. Two justices filed concurring opinions and three justices concurred "in the result." The

many appeals in diversity cases in this circuit arguing that the *Berkebile* plurality opinion constituted controlling precedent impelled us to hold in *Bair v. American Motors Corp.*, 535 F.2d 249, 250 (3d Cir. 1976) (per curiam), that "the views expressed in Chief Justice Jones' opinion in *Berkebile* are not the law of Pennsylvania." *See also Beron v. Kramer-Trenton Co.*, 402 F.Supp. 1268, 1276–77 (E.D.Pa.1975), *aff'd*, 538 F.2d 318 (3d Cir. 1976). Shortly thereafter, in *Azzarello v. Black Bros.*, 480 Pa. 547, 391 A.2d 1020 (1978), the Pennsylvania Supreme Court unanimously rejected Chief Justice Jones' approach in *Berkebile*, retaining the element of unreasonable dangerousness in § 402A cases, but holding that the question was for the trial court as a matter of law. This shift in analysis indicates the danger of relying on plurality opinions as definitive statements of the law.

Under *Greiner v. Volkswagenwerk*, we view the opinions in *Rutter* as the expressions of the individual justices, and not as the law of Pennsylvania. *See Beron*, 402 F.Supp. at 1277. As such, they are not to be ignored, but they are simply data that this court must consider in ascertaining the law of Pennsylvania. *Cf. West v. AT&T*, 311 U.S. 223, 237, 61 S.Ct. 179, 183, 85 L.Ed. 139 (1940) (decisions of intermediate state courts are data for ascertaining state law in the absence of controlling state supreme court precedent). *See also Commissioner v. Estate of Bosch*, 387 U.S. 456, 464–65, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). Even though Justice Flaherty's opinion in *Rutter* is not controlling precedent, we might in other circumstances find it to be a persuasive datum for predicting the way the state Supreme Court would decide the present case. *See Beavers v. West Penn Power Co.*, 436 F.2d 869 (3d Cir. 1971). For instance, when a state's highest court has not addressed for many years the precise question presented and intervening doctrinal or statutory developments in related areas indicate a general shift in analysis, or where decisions in the state courts conflict, federal courts have attempted to predict how the state's highest court would decide the issue in light of these factors. *See, e.g., McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657 (3d Cir.), *cert. denied*, 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980); *Becker v. Interstate Properties*, 569 F.2d 1203 (3d Cir. 1977), *cert. denied*, 436 U.S. 906, 98 S.Ct. 2237, 56 L.Ed.2d 404 (1978). Such is not the case here. Assumption of the risk principles are well established in Pennsylvania and have been applied by the Pennsylvania Supreme Court as recently as 1978. *Jones v. Three Rivers Management Corp.*, 483 Pa. 75, 394 A.2d 546 (1978).

Moreover, since *Rutter* was decided, the membership of the Pennsylvania Supreme Court has undergone significant change. Justice Kauffman, who joined Justice Flaherty's opinion in *Rutter*, and Justice Wilkinson have retired. Thus, we can be certain only that two justices now on the court—Justices Flaherty and Larsen—adhere to the view that assumption of the risk should be abolished. In addition, Chief Justice O'Brien will retire at the end of 1982. For a federal court to predict that a majority of a seven-judge court with three new members would overrule a long established doctrine of Pennsylvania law would be to engage in reckless speculation. If a change in the basic Pennsylvania tort law is to be forthcoming it should emerge from a majority of that court and not from the Court of Appeals for the Third Circuit.

Like many other plaintiffs in diversity cases filed in federal courts, the appellant here is asking that we anticipate the birth of a state law doctrine in the "womb of time, but whose birth is distant."[1] We have been asked to deliver prematurely a new doctrine of Pennsylvania tort law, and as a federal court we are unwilling to do so.

Accordingly we deny the petition for panel rehearing.

---

1. *McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657, 672 (3d Cir.) (Higginbotham, J., dissenting), *cert. denied*, 449 U.S. 976, 101 S.Ct. 387, 66 L.Ed.2d 237 (1980) (quoting *Spector Motor Service, Inc. v. Walsh*, 139 F.2d 809, 823 (2d Cir.) (L. Hand, J., dissenting), *vacated and remanded*, 323 U.S. 101, 65 S.Ct. 152, 89 L.Ed. 101 (1944)).