CITY OF PITTSBURGH, Appellant

v.

COUNTY OF ALLEGHENY, DEPARTMENT OF ADMINISTRATIVE SERVICES, ELECTION DIVISION and Pittsburgh Firefighters, Local No. 1 and Joseph King.

Commonwealth Court of Pennsylvania.

Argued Oct. 5, 2004.

Decided Oct. 20, 2004.

George R. Specter, Pittsburgh, for appellant.

Joshua M. Bloom, Pittsburgh, for appellees, Pittsburgh Firefighters.

Before COHN JUBELIRER, and Judge, SIMPSON, Judge, and McCLOSKEY, Senior Judge.

Opinion by Senior Judge McCLOSKEY.

The City of Pittsburgh (the City) appeals from an order of the Court of Common Pleas of Allegheny County (trial court), overruling the City's procedural[1] objection to the placing of a Home Rule Charter amendment referendum on the ballot by the County of Allegheny, Department of Administrative Services, Election Division (the Election Division).[2] We now reverse.

---

**1.** The City disputes the trial court's characterization of this objection as procedural.

**2.** The trial court's order also dismissed the City's substantive objections to the validity of

The Pittsburgh Firefighters, Local No. 1 (the firefighters) circulated petitions to place the following question on the official November 2, 2004, ballot as a Special Election question:

In order to maintain adequate Health and Safety for all residents, including seniors, children, and adults in the City of Pittsburgh, The National Fire Protection Association's NFPA 1710 Standards for Organization and Deployment of Fire Suppression Operations shall be a mandatory standard to be implemented and followed by the City of Pittsburgh and the Pittsburgh Fire Bureau.

This NFPA 1710 contains, among hundreds of standards and codes, specific emergency time response requirements and minimum staffing guidelines. After obtaining approximately three times the number of required signatures, the firefighters proceeded to forward the petitions to the Election Division. By letter dated August 2, 2004, the Election Division advised the firefighters and the City Clerk of its acceptance of this initiative petition and the requested referendum. Further, this letter advised that following past practice, the Election Division conditionally accepted the petitions, subject to approval by the Allegheny County Law Department.

Two days later, by letter dated August 4, 2004, the Election Division advised the firefighters and the City Clerk that the Law Department had approved the following question for placement upon the November 2, 2004, General Election ballot:

PITTSBURGH HOME RULE CHAR-
TER AMENDMENT SPECIAL
ELECTION QUESTION

Shall the City of Pittsburgh Home Rule Charter be amended to provide that the

Pittsburgh Fire Bureau shall implement and follow the National Fire Protection Association's 1710 Standards for Organization and Deployment of Fire Suppression Operations?

On August 10, 2004, the City filed objections to the referendum question with the trial court. In its first objection, the City alleged that because the question as phrased on the signed petitions did not mention that it would amend the City's Home Rule Charter, the Election Division could not place the proposed Home Rule Charter amendment on the ballot. Further, the City alleged that the Election Division and its Law Department was without authority to transform the question into a proposed Home Rule Charter amendment.

The firefighters and Joseph King, president of Local No. 1, thereafter filed a petition to intervene before the trial court. By order dated August 19, 2004, said petition was granted. The firefighters then filed a response to the City's objections, alleging that the Election Division followed the appropriate procedures when it approved the question as set forth on their petitions and when it framed the question for placement upon the General Election ballot. More specifically, the firefighters indicated that the Election Division, in framing the question, simply stated the same in plain English. The firefighters noted that the City itself acknowledged within its own objections that referenda within the City can have no other meaning than to amend the Home Rule Charter.

As to the authority of the Election Division, the firefighters cited to Section 2944

the proposed Home Rule Charter amendment without prejudice to reassert those objections in the event that the referendum passes. However, based upon our decision below and

the fact that these substantive objections are not involved in the present appeal, we will not discuss them further.

of the Home Rule Charter and Optional Plans Law, which mandates the "county board of Election" to "frame the question to be placed upon the ballot." 53 Pa.C.S. § 2944. Additionally, with respect to this objection by the City, the firefighters indicated that the framing of the question by the Election Division did not significantly change the language of the question as provided on the signed petitions. The firefighters noted that the legal effect of the language contained in the question as stated on the signed petitions was never changed when the Election Division framed the question. Both versions of the question resulted in the same outcome, requiring the City and the Pittsburgh Fire Bureau to implement and follow NFPA 1710.

Following a hearing before the trial court, the trial court issued an opinion and order overruling the City's first objection, which it characterized as a procedural objection. The trial court summarized this objection by the City as alleging that the signers of the petitions circulated by the firefighters would not have realized that the Home Rule Charter would be amended if the referendum passed. The trial court indicated that the City's argument in this regard was "hypertechnical and disingenuous." (Opinion of Trial Court at 3). The trial court explained that the City was aware that ordinances and resolutions cannot be enacted via the referendum process and that said process only is applicable when amendments are sought to the Home Rule Charter.

As to an allegation by the City that the signers of the petitions could have thought the proposed question was advisory, the trial court noted the mandatory language used in the question. As to the City's allegation that the Election Division was without authority to alter the question, the trial court noted Section 2944 of the Home Rule Charter and Optional Plans Law, which, as noted above, mandates the "county board of Election" to "frame the question to be placed upon the ballot." The City thereafter filed a notice of appeal with the trial court.

■ On appeal,[3] the City argues that the trial court erred as a matter of law in failing to conclude that the question as posed on the circulated petitions was a nullity and that the rephrasing of the referendum question was a material change from the original question. We agree.

■ A court may properly keep a question off the ballot if the procedure for placing the question on the ballot was not followed. *See Mt. Lebanon v. County Board of Elections of the County of Allegheny,* 470 Pa. 317, 368 A.2d 648 (1977). While courts may not render advisory opinions upon the constitutionality or validity of legislation before enactment, determining whether the petition question is invalid on its face is another matter entirely. *Id.*

Further, Section 2943(a) of the Home Rule Charter and Optional Plans Law addresses petitions for a referendum proposing an amendment, providing in part, that the "petition and the proceedings therein shall be in the manner and subject to the provisions of the election laws which relate to the signing, filing and adjudication of nomination petitions...." 53 Pa.C.S. § 2943(a). Section 976 of the Pennsylvania Election Code,[4] in turn, provides that

---

3. Our scope of review is limited to determining whether the trial court abused its discretion or committed legal error. *In re Petition for Referendum on Question of Amending Pitts-* burgh Home Rule Charter (Objection of Flaherty), 660 A.2d 184 (Pa.Cmwlth.1995).

4. Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2936.

no nomination petition "shall be permitted to be filed if (a) it contains material errors or defects apparent on the face thereof ... or (b) it contains material alterations made after signing without the consent of the signers...." 25 P.S. § 2936.

In this case, as the City noted in its objections, the original referendum question as presented on the petitions circulated by the firefighters never informed the signators of the end result of the question, i.e., an amendment to the City's Home Rule Charter.[5] Rather, the original referendum question was written in very non-specific terms and in a manner that appealed to the sensibilities of any reasonable lay person, i.e., the question began with the statement "[i]n order to maintain adequate Health and Safety for all residents, including seniors, children, and adults in the City of Pittsburgh...."[6]

The firefighters' contend that the framing of the question by the Election Division constituted nothing more than a statement of the question in plain English. To the contrary, we agree with the City that the Election Division's framing of the question constituted a material alteration/deviation of the original referendum question after the signators had signed the petitions. The question as framed by the Election Division specifically indicated that

the City's Home Rule Charter would be amended. However, the original referendum question failed to provide the signators with any notice that the proposed question sought to amend the Home Rule Charter. We do not believe that such a defect was curable via the Election Division's framing of the question.

■ Accordingly, the order of the trial court, insofar as it overruled the City's procedural objection, is reversed.[7]

### ORDER

AND NOW, this 20th day of October, 2004, the order of the Court of Common Pleas of Allegheny County, insofar as it overruled the procedural objection of the City of Pittsburgh, is hereby reversed.

---

5. Moreover, although not dispositive of the issue before this Court, we note that the adoption of the NFPA 1710 standards, which contain minimum staffing guidelines, would serve to circumvent certain budgetary concerns and measures of the City's elected officials.

6. In other words, any reasonable lay person would not be hesitant to sign a petition with the question as presented, especially where that question seems to imply that the adoption of the NFPA 1710 standards was necessary to ensure that person's health and safety.

7. The City also argues that the trial court erred as a matter of law by concluding that the framing of the question by the Election

Division was valid, when the authority to frame the question rests solely with the Allegheny County Board of Election. However, as the firefighters point out in their brief to this Court, the City never raised an issue as to the authority of the Election Division in its objections filed with the trial court. Section 977 of the Pennsylvania Election Code provides that all objections to a nomination petition or nomination papers must be filed "within seven days after the last day for filing said nomination petition or paper, a petition is presented to the court specifically setting forth the objections thereto...." 25 P.S. § 2937. As the City never raised this issue in its objections, said issue has been waived.