**CITY OF WILKES–BARRE**

v.

**Stephen URBAN, Gregory Skrepenak, and Todd Vonderheid, in their capacities as the Luzerne County Board of Elections and Leonard Piazza as Director of Voter Services for Luzerne County.**

**Appeal of: Denise Carey.**

Commonwealth Court of Pennsylvania.

Argued Dec. 11, 2006.

Decided Jan. 9, 2007.

Lisa A. Welkey, Clarks Summit, for appellant.

William E. Vinsko, Jr., Wilkes–Barre, for appellee, City of Wilkes–Barre.

BEFORE: SMITH–RIBNER, Judge, and PELLEGRINI, Judge (P.), and FRIEDMAN, Judge.

2. Given our resolution of Appellants' first two issues, we need not reach their third issue.

OPINION BY Judge FRIEDMAN.

Denise Carey (Carey) appeals from that portion of the November 15, 2005, order of the Court of Common Pleas of Luzerne County (trial court) awarding $11,056 in attorney's fees and costs to the City of Wilkes–Barre (City). We reverse.

Unhappy with the City's closing of a neighborhood fire house, Carey filed a Petition to Amend Provisions of the City's Home Rule Charter (Petition) on August 5, 2005. Through the Petition, Carey sought to create an initiative and referendum procedure for City residents. (S.R.R., Exhibit A.) On August 16, 2005, the City filed formal objections and a motion to set aside the Petition, pursuant to section 977 of the Pennsylvania Election Code (Code).[1] In its motion to set aside the Petition, the City averred that Carey's proposed amendments conflicted with specific provisions of the City's Home Rule Charter and violated the Pennsylvania Home Rule Charter and Optional Plans Law,[2] the Pennsylvania Constitution and the Code. With respect to the Code, the City alleged that circulators induced signors to sign the Petition by falsely representing that it was a petition to reopen the closed fire house. The City also alleged, *inter alia,* that a number of the signors were not registered voters, that some names were crossed out and that a number of people wrote only "W–B" instead of spelling out the full name of the City as required by law.[3] (S.R.R. at 3–11.)

The trial court scheduled a hearing on the City's objections for Wednesday, August 24, 2005. Present at the hearing were counsel for the Luzerne County Board of Elections (Elections Board), Elections Board member Stephen Urban, counsel for the City, Carey and her counsel. Carey was sworn in and, in response to the trial court's questions, confirmed that she wished to withdraw her Petition. Carey stated that there had been allegations that some people had been misled into signing the Petition, that she learned on Monday that one of the circulators wanted to pull all of his petitions and that there might not be enough signatures to proceed. Counsel for the Election Board stated that he agreed with counsel for the City that there were substantive and procedural defects with the Petition.

Counsel for the City agreed to Carey's request to withdraw the Petition but requested the trial court to order an award of attorney's fees and costs pursuant to section 977 of the Code (authorizing the court to impose costs when a petition is dismissed). In support of the request for attorney's fees, counsel for the City cited allegedly misleading statements made by circulators, extensive hours devoted to research and the fact that this was the second time in 379 days that a petition was filed against the City and then withdrawn. In response to the trial court's question, counsel for the City stated that the amount of attorney's fees and costs was $11,056.[4]

---

1. Act of June 3, 1937, P.L. 1333, *as amended,* 25 P.S. § 2937 (governing objections to nomination petitions and papers).

2. 53 Pa.C.S. §§ 2901–2983.

3. The City attached the following items to its objections/motion to set aside: copies of the Petition, (S.R.R., Exhibit A); the proposed amendments to the Home Rule Charter, (S.R.R., Exhibit B); affidavits from seven persons who stated that the circulator told them

that the Petition was to reopen the closed fire house, (S.R.R., Exhibits C–I); a portion of the transcript of the July 14, 2005, City Council Meeting, (S.R.R., Exhibit J); and a photograph of circulators sitting under a sign that reads "WB Residents Sign Here For Our Fire Protection," downloaded from SaveMyCity.com, (S.R.R., Exhibit K).

4. No bill of costs was offered or requested.

The trial court granted Carey's motion to withdraw the Petition and awarded the City attorney's fees. In doing so, the trial court relied on section 977 of the Code and *In re Nomination of Pippy,* 711 A.2d 1048 (Pa.Cmwlth.), *aff'd,* 551 Pa. 210, 709 A.2d 905 (1998), and cited Carey's failure to withdraw the Petition prior to the hearing, thereby necessitating the preparation of witnesses and court personnel. (R.R. at 25–26; trial ct. op. at 2–3.) Carey now appeals to this court.[5]

Carey argues, *inter alia,*[6] that the trial court erred in awarding attorney's fees to the City in the absence of express statutory authority for such an award. We agree.[7]

Section 1726 of the Judicial Code, 42 Pa.C.S. § 1726, sets forth standards governing the imposition of costs and specifically provides that attorney's fees are *not* an item of taxable costs, except to the extent authorized by section 2503 of the Judicial Code, 42 Pa.C.S. § 2503. Section 2503 of the Judicial Code lists ten categories of participants who shall be entitled to receive counsel fees as costs, including "[a]ny other participant in such circumstances as may be specified by statute heretofore or hereafter enacted." Here, the trial court relied on section 977 of the Code, which states in pertinent part as follows:

> If the court shall find that said nomination petition or paper is defective under the provisions of section 976, or does not contain a sufficient number of genuine signatures of electors entitled to sign the same under the provisions of this act, or was not filed by persons entitled to file the same, it shall be set aside. If the objections relate to material errors or defects apparent on the face of the nomination petition or paper, the court, after hearing, may, in its discretion, permit amendments within such time and upon such terms as to payment of costs, as the said court may specify. *In case any such petition is dismissed, the court shall make such order as to the payment of the costs of the proceedings, including witness fees, as it shall deem just.*

25 P.S. § 2937 (emphasis added).

Carey argues that, under Pennsylvania law, costs do not include attorney's fees unless they are provided for specifically by statute, and Carey correctly observes that section 977 of the Code does *not* specifically state that the costs that may be imposed under that provision include attorney's fees.

In support of its order, the trial court also relied on our decision in *Pippy,* in which we considered various sections of the Code in reviewing a challenge to a candidate's qualifications. In discussing the court's jurisdiction, the court in *Pippy* stated that the provisions of the Code, when read together, "contemplate that this court may set aside a nomination petition containing a false statement regarding the

---

**5.** Carey filed a Notice of Appeal on September 20, 2005. Although the parties dispute a number of facts concerning the lengthy procedural history of this case, that history is not relevant to our disposition of the issues on appeal.

**6.** Carey's brief presents six separate questions for our review, including whether the trial court lacked jurisdiction over Carey and whether the trial court abused its discretion in awarding attorney's fees in the absence of evidence to support the award.

**7.** Our scope of review is limited to determining whether the trial court abused its discretion or committed an error of law. *City of Pittsburgh v. County of Allegheny, Department of Administrative Services, Election Division,* 860 A.2d 616 (Pa.Cmwlth.), *appeal granted,* 580 Pa. 374, 861 A.2d 881 (2004).

candidate's eligibility to hold the office that he seeks, and the candidate may be liable for the court costs, attorney fees and other similar fees flowing from that action." Id. at 1055. However, the court in *Pippy* specifically identified section 1802.1 of the Code, 25 P.S. § 3502.1,[8] as the section of the Code authorizing the imposition of attorney's fees in that case.

> Moreover, section 1802.1 specifically empowers this court to impose costs and fees upon the Candidate that flow from a court action challenging his nomination petition. *Under that section*, the Candidate is liable for court costs, attorney fees and other fees flowing from this 'litigation which result[ed] in the removal of the candidate from the ballot' if this court determines that he 'knowingly [made] a false statement regarding his eligibility or qualifications for such office in his candidate's affidavit.' 25 P.S. § 3502.1.

*Id.* at 1051 (emphasis added) (brackets in original). We note that section 1802.1 of the Code is not implicated in the present matter; rather, the plain language of section 1802.1 limits its application to candidates for any elective public office who knowingly make false statements regarding their eligibility or qualifications.

The trial court also implied that the present case is factually similar to *Pippy* by observing that the City's objections to Carey's Petition allege that material errors or defects are apparent on the face of the Petition. However, the basis of the City's objections is not relevant in this case because, in contrast to the facts in *Pippy*, the trial court here failed to take any evidence or issue any findings with respect to the City's objections or the validity of the Petition. Moreover, the trial court indicated that the actual basis for its order imposing attorney's fees was the fact that Carey waited until the last minute before withdrawing the Petition, thereby burdening both the City and the trial court with the need to prepare for the hearing. In fact, the trial court stated that, had Carey withdrawn the Petition earlier, "the preparation of witnesses, staff and the court would not have been necessary and therefore there would have been not been [sic] a need or legal basis for awarding attorneys fees." (Trial ct. op. at 3.)

■ In its brief, the City similarly cites Carey's failure to withdraw the Petition prior to the hearing as a basis to award attorney's fees. The City further contends that Carey's failure to withdraw the Petition before the hearing and her actions with respect to obtaining signatures amount to bad faith and vexatious conduct, which is a basis for an award of attorney's fees under section 2503 of the Judicial Code. However, the trial court failed to take any evidence or issue any findings to support an award under that provision. See *Yeager v. Kavic,* 765 A.2d 812 (Pa.Super.2000), (reversing an award of counsel fees awarded pursuant to section 2503 of the Judicial Code because the award was not supported by the trial court's findings), *appeal denied,* 567 Pa. 745, 788 A.2d 378 (2001), and cases cited therein. Moreover, the trial court did not rely on section 2503 of the Judicial Code as the basis for its award. See *Mosaica Academy Charter School v. Department of Education,* 572 Pa. 191, 813 A.2d 813 (2002), (declining to consider a basis for the imposition of attorney's fees that was not considered by the Commonwealth Court).

---

**8.** Section 1802.1 of the Code was added by section 1 of the Act of December 22, 1987, P.L. 423, 25 P.S. § 3502.1.

In addition, as Carey points out, section 977 of the Code authorizes the imposition of costs "[i]n case any such petition is *dismissed.*" 25 P.S. § 2937 (emphasis added). Here, by agreement of the City, the trial court allowed Carey to withdraw the Petition and, as indicated previously, failed to take evidence or issue findings that would support the dismissal of the Petition. Under these circumstances, we cannot conclude that section 977 of the Code authorizes the imposition of attorney's fees. With the witnesses and the court assembled and prepared for the hearing, the trial court could have denied Carey's request to withdraw the Petition and conducted the hearing as scheduled. The trial court failed to do so, and, therefore, even if there were statutory authority for an award of attorney's fees, the record here would not support such an award.[9]

Accordingly, we reverse the trial court's order to the extent that it awards attorney's fees to the City.

### ORDER

AND NOW, this 9th day of January, 2007, the order of the Court of Common Pleas of Luzerne County, dated November 15, 2005, is hereby reversed insofar as it awards attorney's fees to the City of Wilkes–Barre.

9. Having so decided, we need not address the remaining issues Carey raises on appeal.