Sheldon W. SPIGELMYER

v.

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANS-PORTATION, Appellant.

In Re: Condemnation By Common-wealth of Pennsylvania, Department of Transportation, of Right–Of–Way for State Route 4019, Section 255, in the City of Dubois, in the Township of Sandy, Clearfield County, Pennsylvania.

Sheldon W. Spigelmyer, Appellant

v.

Commonwealth of Pennsylvania, Department of Transportation.

Commonwealth Court of Pennsylvania.

Submitted on Briefs March 12, 2012.
Decided March 30, 2012.

Benjamin S. Blakley, III, DuBois, for appellant Spigelmyer.

Erin J. Osevala, Assistant Counsel, Harrisburg, for appellant Pennsylvania Department of Transportation.

Peter F. Smith, Clearfield, for appellee.

BEFORE: PELLEGRINI, President Judge, and McGINLEY, Judge, and COLINS, Senior Judge.

OPINION BY President Judge PELLEGRINI.

Sheldon W. Spigelmyer (Spigelmyer) and Commonwealth of Pennsylvania, Department of Transportation (DOT) (together, Appellants) appeal from an order of the Court of Common Pleas of Clearfield County (trial court) granting the Board of Viewers' (Board) petition for compensation and directing the parties to each pay one-half of the Board's compensation. Finding that the Judicial Code requires Clearfield County (County) to pay the fee of a Board of Viewers, we reverse.

DOT filed a declaration of taking in the trial court at No. 2009–661–CD and thereby acquired real property owned by Spigelmyer. Spigelmyer filed a petition for

the appointment of a Board of Viewers to assess damages for the taking. The trial court appointed three individuals to serve on the Board with Peter F. Smith (Chairperson Smith)[1] serving as Chairperson. The Board conducted a view of the property, held a hearing and issued a report awarding additional compensation to Spigelmyer. DOT appealed the Board's report to the trial court, but ultimately settled the case with Spigelmyer.

■ Chairperson Smith filed a petition for compensation seeking an order directing DOT and Spigelmyer to each pay one-half of the $4,829 in total compensation owed to the Board for its work in the condemnation proceeding. Appellants each filed answers to the petition for compensation alleging that the County was liable for the Board's compensation because viewers are *de jure* employees of the County and there is no state or local court rule authorizing payment of the Board's fee by the parties. Finding the Board's bill of $4,829 to be just and reasonable, the trial court granted the petition for compensation and issued an order directing DOT and Spigelmyer to each pay one-half of the total amount, or $2,414.50. In its Opinion, the trial court explained that be-

cause no statute specifically provides that the County must bear the costs associated with a Board of Viewers,[2] it looked to Section 1726 of the Judicial Code, 42 Pa. C.S. § 1726, which provides for the allocation of costs generally, and concluded that it could allocate the Board's costs evenly among DOT and Spigelmyer because the Board found merit in both parties' arguments. This consolidated appeal followed.[3]

■ On appeal, Appellants contend that because viewers are "appointive judicial officers," under Section 102 of the Judicial Code, Section 3544 of the Judicial Code requires that their fees "shall be paid by the respective political subdivision," in this case, the County. Moreover, they contend that the salary of a Board of Viewers is not a "taxable cost" that can be assessed to the parties under Section 1726 of the Judicial Code because the Supreme Court, the only body authorized to prescribe by general rule the standards governing the imposition and taxation of costs, has not promulgated any rule allowing such an assessment.[4]

In response, Chairperson Smith argues that absent statutory authority or a Supreme Court rule, trial courts are free to exercise their discretion in awarding court

---

1. Chairperson Smith has been designated as Appellee in this appeal. No one has challenged Chairperson's Smith's standing.

2. The former Eminent Domain Code, Act of June 22 1964, Special Sess., P.L. 84, *as amended, formerly* 26 P.S. §§ 1–101—1–903, repealed by Section 5 of the Act of May 4, 2006, P.L. 112, required compensation for a board of viewers to be paid by the county. However, that statute was repealed and is no longer in effect.

3. Our scope of review when determining the validity of costs assessed by a trial court is limited to determining whether the trial court abused its discretion or committed an error of law. *City of Wilkes–Barre v. Urban*, 915 A.2d 1230, 1232 (Pa.Cmwlth.2007) (citing *City of*

*Pittsburgh v. County of Allegheny, Department of Administrative Services, Election Division*, 860 A.2d 616 (Pa.Cmwlth.), *appeal granted*, 580 Pa. 374, 861 A.2d 881 (2004)).

4. Under Section 1726 of the Judicial Code, "[t]he governing authority shall prescribe by general rule the standards governing the imposition and taxation of costs, including the items which constitute taxable costs, the litigants who shall bear such costs, and the discretion vested in the courts to modify the amount and responsibility for costs in specific matters. All system and related personnel shall be bound by such general rules." 42 Pa.C.S. § 1726(a). Section 102 of the Judicial Code defines the governing authority as the Pennsylvania Supreme Court.

costs. Chairperson Smith contends that Section 1726 of the Judicial Code is to provide the Supreme Court with the authority to limit trial court discretion in the assessment of record costs, not to make it the responsibility of the Supreme Court to promulgate a rule on all possible litigation expenditures. He points to the taxability of other types of professional fees to the parties, including masters in divorce and real estate partition cases, despite the fact that masters are also "appointive judicial officers" under Section 102 of the Judicial Code, and there is no statute or court rule specifically authorizing a trial court to assess masters' fees to the parties.

As to Appellants' contention that the County is required to pay the Board's fee, Section 102 of the Judicial Code defines "Appointive Judicial Officers" as "[a]rbitrators, auditors, commissioners to take oaths and depositions, custodians, examiners, guardians, masters, mental health review officers, receivers, referees, trustees, viewers and other like officers." 42 Pa. C.S. § 102. Relating to payment of the fees of appointed judicial officers, Section 3544 of the Judicial Code provides, in relevant part:

a. General rule.—There shall be paid by the respective political subdivisions required by this subchapter to maintain a judicial and related account:

(1) Salaries, fees and expenses of:

(i) Appointive judicial officers.

42 Pa.C.S. § 3544. Because members of the Board of Viewers fall within the definition of "appointive judicial officers," under Section 3544 of the Judicial Code, the Board of Viewers' fees are the responsibility of the County, being the responsible political subdivision.

Chairperson Smith also argues that because trial courts have discretion in awarding costs associated with other officers, such as masters, who are also listed within

Section 102's definition of "appointive judicial officers," trial courts must also have discretion to award fees for viewers. However, regarding those costs, trial courts are only authorized by "general rule" to impose costs, and the only court that can promulgate a "general rule" under Section 1726 of the Judicial Code is the Supreme Court. For example, Pa. R.C.P. No. 1574, pertaining to costs and counsel fees in partitions of real property, states, in relevant part, "[c]osts shall be paid by the parties in proportion to their interests in the property. The compensation of appraisers, the master's fee and compensation of experts authorized by the court shall be taxed as part of the costs." Because the Supreme Court has not promulgated a "general rule" authorizing the taxing of viewers' fees to the parties in a condemnation case, the trial court lacks jurisdiction to do so.

Accordingly, the trial court's order is reversed.

Judge COHN JUBELIRER did not participate in the decision in this case.

### ORDER

AND NOW, this 30th day of March, 2012, the Order of the Court of Common Pleas of Clearfield County dated July 26, 2011, at No. 2009–661–CD, is reversed.