# [J-25-2024]
## IN THE SUPREME COURT OF PENNSYLVANIA
## WESTERN DISTRICT

| | |
|---|---|
| LANDLORD SERVICE BUREAU, INC.; MICHELLE WILLIAMS; COLLYER REALTY COMPANY, D/B/A GALASSO REAL ESTATE SERVICES; SANTO POLICICHIO; CROWN REAL ESTATE AND MANAGEMENT SERVICES<br><br><br>v.<br><br><br>THE CITY OF PITTSBURGH AND COUNCIL OF THE CITY OF PITTSBURGH<br><br><br>REALTORS ASSOCIATION OF METROPOLITAN PITTSBURGH, A PENNSYLVANIA CORPORATION NOT FOR PROFIT<br><br><br>v.<br><br><br>THE CITY OF PITTSBURGH<br><br><br>APARTMENT ASSOCIATION OF METROPOLITAN PITTSBURGH, A PENNSYLVANIA CORPORATION NOT FOR PROFIT<br><br><br>v.<br><br><br>THE CITY OF PITTSBURGH, A HOME RULE CITY | No. 15 WAP 2023<br><br>Appeal from the Order of the Commonwealth Court entered March 17, 2023, at No. 1026 CD 2021, reversing the Order of the Court of Common Pleas of Allegheny County entered August 17, 2021, at No. GD 15-023074.<br><br>ARGUED: April 9, 2024 |

APPEAL OF: THE CITY OF PITTSBURGH　:
AND COUNCIL OF THE CITY OF　　　:
PITTSBURGH　　　　　　　　　　:

## ORDER

**PER CURIAM**　　　　　　　　　　　　**DECIDED:　JUNE 18, 2024**

**AND NOW**, this 18th day of June, 2024, the matter before the Court having become moot by the City of Pittsburgh's wholesale replacement of the 2015 Residential Housing Rental Permit Program Ordinance (Rental Ordinance), which is the subject of the underlying consolidated action, with a new ordinance (Ordinance 2022-0270) that does not contain the Rental Ordinance provisions that the Commonwealth Court below found to violate Section 2962(f) of the Home Rule Charter and Optional Plans Law, 53 Pa. C.S. § 2962(f), such that the City now seeks merely an advisory opinion, it is hereby ORDERED that the Commonwealth Court's Order, dated March 17, 2023, is VACATED, the appeal before this Court is DISMISSED, and this matter is REMANDED to the Court of Common Pleas of Allegheny County to dismiss the complaints in the consolidated action.　*See In re Gross*, 382 A.2d 116 (Pa. 1978) (observing that legal question can become moot on appeal due to intervening change in ordinance or statute); *Salisbury Twp. v. Sun Oil Co.*, 179 A.2d 195 (Pa. 1962) (holding challenge to ordinance moot on appeal due to expiration of ordinance); *N. Pa. Pwr. Co. v. Pa. Pub. Util. Comm'n*, 5 A.2d 133 (Pa. 1939) (holding constitutional challenge to statute moot on appeal due to intervening amendment enacted by legislature), *overruled on other grounds, York v. Pa. Pub. Util. Comm'n*, 295 A.2d 825 (Pa. 1972); *see also Mt. Lebanon v. Cnty. Bd. of Elections of Allegheny Cnty.*, 368 A.2d 648 (Pa. 1977) (holding that "court should not offer advisory opinions" on proposed legislation not in effect).

Justice Wecht files a dissenting statement in which Justice Donohue joins.