Mafalda D. REDEKER, Administratrix of the Estate of Frederick J. Redeker, Deceased, Plaintiff,

v.

JOHNS–MANVILLE PRODUCTS CORP., et al., Defendants and Third-Party Plaintiffs,

v.

STANDARD ASBESTOS MANUFAC-TURING AND INSULATING CO., et al., Third-Party Defendants.

Lucille C. KOCH, Executrix of the Estate of Donald E. Koch, Deceased, Plaintiff,

v.

JOHNS–MANVILLE CORPORATION, et al., Defendants and Third-Party Plaintiffs,

v.

FORTY–EIGHT INSULATIONS, INC., et al., Third-Party Defendants.

Dolores PRELICK, Administratrix of the Estate of Joseph A. Prelick, Deceased, and Dolores Prelick, in her own right, Plaintiff,

v.

JOHNS–MANVILLE CORPORATION, et al., Defendants and Third-Party Plaintiffs,

v.

TURNER–NEWALL, LTD., et al., Third-Party Defendants.

Rosella B. SPOCHACZ, Administratrix of the Estate of Harry J. Spochacz, Deceased, Plaintiff,

v.

JOHNS–MANVILLE CORPORATION, et al., Defendants and Third-Party Plaintiffs,

v.

ATLAS ASBESTOS COMPANY, LTD., et al., Third-Party Defendants.

Shirley C. STEWART, Administratrix of the Estate of Robert D. Stewart, Deceased, Plaintiff,

v.

JOHNS–MANVILLE CORPORATION, et al., Defendants and Third-Party Plaintiffs,

v.

BABCOCK & WILCOX COMBUSTION ENGINEERING, INC., et al., Third-Party Defendants.

Civ. A. Nos. 80–931, 80–1273, 80–1690, 80–1732 and 80–1734.

United States District Court, W.D. Pennsylvania.

Sept. 28, 1983.

George I. Buckler, James A. Mollica, Jr., Nora Barry Fischer, Meyer, Darragh, Buckler, Bebenek & Eck, Pittsburgh, Pa., for Keene Building Products Corp.

C. Leon Sherman, Tucker, Arensberg, Very & Ferguson, Pittsburgh, Pa., for GAF Corp.

James A. McGregor, Reed, Luce, Good, Tosh, Kunselman & McGregor, Beaver, Pa., for Forty-Eight Insulations.

Patrick R. Riley, Egler, Anstandig, Garrett & Riley, Pittsburgh, Pa., for Owens Corning Fiberglas Corp.

Richard G. Lewis, Kathleen S. McAllister, Jones, Gregg, Creehan & Gerace, Pittsburgh, Pa., for The Celotex Corp.

James R. Hartline, Thomson, Rhodes & Cowie, Pittsburgh, Pa., for Raymark Industries, Inc. and Raybestos Manhattan, Inc.

James S. Ehrman, Tighe, Evan & Ehrman, Pittsburgh, Pa., for John Crane-Houdaille, Inc.

Arthur R. Gorr, Winters & Gorr, Pittsburgh, Pa., for H.H. Robertson Corp.

Joseph A. Macerelli, Pittsburgh, Pa., for Southern Asbestos Co.

John A. Bacharach, Girman & Bacharach, Pittsburgh, Pa., for Garlock, Inc.

Frederic Goldfein, Philadelphia, Pa., for Garlock, Inc.

Kenneth S. Robb, Doherty & Robb, Pittsburgh, Pa., for Standard Asbestos Mfg. and Insulating Co., and Fibreboard Corp.

Gerald Paris, Thomas P. Lawton, III, Reed, Smith, Shaw & McClay, Pittsburgh, Pa., for Pittsburgh Corning Corp.

James F. Manley, Burns, Manley & Little, Pittsburgh, Pa., for Armstrong World Industries, Inc.

William D. Phillips, Phillips & Faldowski, Washington, Pa., for General Refractories Co.

Bernard J. McAuley, Wayman, Irvin & McAuley, Pittsburgh, Pa., for Nicolet Industries, Inc.

Charles Kenrick, Dickie, McCamey & Chilcote, Pittsburgh, Pa., for Armstrong Machine Works.

Thomas W. Henderson, Baskin & Sears, Pittsburgh, Pa., for plaintiffs.

William G. Boyle, Meyer, Unkovic & Scott, Pittsburgh, Pa., for Johns-Manville Corp.

John J. McLean, Jr., Stanley Yorsz, Buchanan Ingersoll, P.C., Pittsburgh, Pa., for Owens Illinois, Inc.

Charles Kirshner, Rosenberg, Kirshner, Kaleugher & Winikoff, Pittsburgh, Pa., for Eagle-Picher Industries, Inc.

Dennis St. J. Mulvihill, Pittsburgh, Pa., for Atlas Asbestos Co.

James F. Israel, Pittsburgh, Pa., for Rock Wool Mfg. Co.

Lisle A. Zehner, Pittsburgh, Pa., for Babcock & Wilcox.

Weaver, Willman, Simon & Arnold, Pittsburgh, Pa., for Combustion Engineering.

Donald E. Seymour, Pittsburgh, Pa., for Harbison-Walker Refractories.

Matthew Wimer, Pittsburgh, Pa., for Argo Asbestos Co.

Ronald H. Heck, Joseph Demko, Ronald H. Heck & Associates, Pittsburgh, Pa., for Flexitallic Gasket Co., Inc.

Judith H. Zernich, Arthur J. Murphy, Jr., Arthur J. Murphy, Jr. & Associates, Pittsburgh, Pa., for Durabla Mfg. Co.

James R. Farley, Weis & Weis, Pittsburgh, Pa., for Turner & Newall, Ltd.

Richard R. Rulon, Dechert, Price & Rhoads, Philadelphia, Pa., for Turner & Newall, Ltd.

Charles E. Dorkey, III, Reboul, MacMurray, Hewitt, Maynard & Kristol, New York City, for Turner & Newall, Ltd.

## OPINION

DIAMOND, District Judge.

The above actions were brought by the plaintiffs under the Pennsylvania Wrongful Death and Survival Acts to recover damages following the deaths of their husbands from diseases allegedly contracted from their exposure to asbestos dust and fibers.[1] The earliest suit filed, *Redeker v. Johns-Manville Corporation,* Civil Action No. 80–931, was commenced in July, 1980, and all were brought within two years of the death of the subject decedent.

A number of defendants have filed motions seeking summary judgment on the ground that the actions are not maintainable under either the Wrongful Death or Survival Acts. Those motions are presently before the court, and for the reasons stated below will be denied.

Paragraphs 5 and 6 of the motion filed by the defendant Eagle-Picher Industries, Inc. in the *Spochacz v. Johns-Manville Corporation, et al.,* case at Civil Action No. 80–1732 are prototypical and define the issue:

5. After extensive discovery, it appears that *the decedent did not know of the cause of his cancer, and therefore the decedent had no cause of action before his death,* and therefore plaintiff is not entitled to maintain a survival action on behalf of the decedent's estate.

6. *Since the plaintiff's decedent was not aware prior to his death of cause of his cancer, there was no legal injury to the decedent prior to his death,* and therefore plaintiff does not have a right under Pennsylvania law to maintain a suit under the Wrongful Death Act. (Emphasis added).

Thus, the defendants' motions are predicated on the proposition that under the law of Pennsylvania a cause of action for personal injuries *does not accrue* unless and until the victim becomes aware of all of the facts constituting the essential elements of such cause of action, or, more specifically here, becomes aware of the *cause* of his injury or disease. The motions are being

---

1. The Pennsylvania Wrongful Death and Survival Acts in effect when these suits were brought provide in their relevant parts as follows:

   § 8301. Death action
   (a) General rule.—An action may be brought to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another if no action for damages was brought by the injured individual during his lifetime.

   1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978, 42 Pa.C.S.A. § 8301.
   § 8302. Survival action
   All causes of action or proceedings, real or personal, shall survive the death of the plaintiff or of the defendant or the death of one or more joint plaintiffs or defendants.
   1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978, 42 Pa.C.S.A. § 8302.

denied because we reject that as a correct statement of the law of Pennsylvania.[2]

The defendants' argument is that no cause of action could have *accrued* during the decedents' lifetimes because each of the complaints in the cases *sub judice* was filed subsequent to the death of the plaintiff's decedent, and in each case while the decedent was aware of the nature of the disease which he had contracted, neither he nor the plaintiff was aware of the causal relationship between that disease and the decedent's exposure to asbestos dust and fibers until after the death of the decedent, when plaintiff first learned of it. Therefore, defendants contend, since decedent had no *knowledge* of the causal relationship between his disease and asbestos exposure (a necessary predicate for the alleged tortious conduct of the defendants) during his lifetime, no cause of action accrued during his lifetime and, hence, there was none to survive his death or to form the basis for a Wrongful Death Act claim.

In support of this position, the defendants rely solely on *Anthony v. Koppers Co., Inc.,* 496 Pa. 119, 436 A.2d 181 (1981) and opinions of the Court of Common Pleas of Allegheny County in *Powell v. Johns-Manville Corp., et al. (No. 1),* 130 P.L.J. 429 (1982) and *Powell v. Johns-Manville Corp., et al. (No. 2),* 130 P.L.J. 435 (1982).

In *Anthony* five plaintiffs brought suit in December, 1977, to recover damages under the Pennsylvania Wrongful Death and Survival Acts then in effect. In each instance it was alleged that the decedents had been employed as coke oven workers and that emissions from the coke ovens, which had been manufactured, sold, constructed and installed by the defendants, had caused the decedents to contract lung cancer, which resulted in their deaths. The most recent decedent's death was five years prior to the filing of the complaint, three had died within eight years and one, ten years prior to the commencement of the action.

The defendants filed motions for summary judgment, arguing that the one year statute of limitations then applicable to the

wrongful death actions, Section 2 of the Act of April 26, 1855, P.L. 309, 12 P.S. § 1603, and the two year statute then applicable to survival actions, Section 2 of the Act of June 24, 1895, P.L. 236, 12 P.S. § 34, barred appellees' suits. The Court of Common Pleas of Allegheny County denied the motions, the Superior Court affirmed, but the Supreme Court reversed. The Superior Court in affirming applied the discovery rule to wrongful death and survival actions in Pennsylvania and held that where a decedent neither knew nor reasonably should have known of the causal relationship between his lung cancer and the coke oven emissions the applicable statute of limitations did not start to run as to the claim arising out of his injury and death until that decedent's *personal representative* knew or reasonably should have known of the causal connection between the coke oven emissions and the decedent's lung cancer. *Anthony v. Koppers,* 284 Pa.Super. 81, 425 A.2d 428, 438, 442 (1981).

The Supreme Court, in the first paragraph of its opinion reversing the Superior Court's ruling, stated: "The issue is whether appellees' wrongful death and survival actions were *barred by the applicable statute of limitation.* We hold that they were and reverse...." *Anthony, supra,* 436 A.2d at 182. (Emphasis added).

The court first set forth the statute of limitations which applied to wrongful death actions. "The declaration shall state who are the parties entitled in such action; the action shall be brought within one year after the death, and not thereafter." 12 P.S. § 1603. It then held that *Ayers v. Morgan,* 397 Pa. 282, 154 A.2d 788 (1959), which had applied the discovery rule to the statute of limitations then applicable to personal injury actions, was inapposite to a Wrongful Death Act claim since the statute applicable in *Ayers* provided that actions must be commenced "within two years of the time the injury was done..." 12 P.S. § 34, in contrast to the statutory requirement in *Anthony* that a Wrongful Death

---

**2.** No party questions this applicability of Pennsylvania law to these "diversity" actions.

Act suit must be brought within one year after *death*—a definitely established event which left no room for construction. The court stated that:

> Statutory references to the occurrence of an "injury" or the accrual of a "cause of action" are subject to judicial interpretation as to the degree of knowledge plaintiff must possess before the statute will start to run. In contrast, the requirement that a wrongful death action be brought within two (sic) years after a definitely established event—"death"—leaves no room for construction. 436 A.2d at 184.

Therefore, the court concluded, when the Legislature provided that a cause of action under the Wrongful Death Act may be brought within year after the death, and not thereafter, it did not mean one year from the date of *discovery* of the cause of death.

The court went on to consider the application of the "discovery rule" to the statute of limitation applicable to survival actions, which statute the court quoted as follows:

> Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case (sic) where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; in cases where the injury does result in death the limitation of action shall remain as now established by law. 12 P.S. § 34. 436 A.2d at 184.

The Supreme Court rejected the holding of the Superior Court that where "the decedents did not know or reasonably should not have known of the cause of their injuries before their deaths, 12 P.S. § 34 did not start to run until their administrators became aware or should have become aware of the cause." 436 A.2d at 184.

The court's entire rationale and holding on this point is set forth in the last substantive paragraph of the prevailing opinion as follows:

> As distinguished from the wrongful death statutes, the survival statutes do not create a new cause of action; they simply permit a personal representative to enforce a cause of action which had already accrued to the deceased before his death. Cf. *Pezzulli v. D'Ambrosia,* 344 Pa. 643, 647, 26 A.2d 659, 661 (1942). Here, by arguing that their decedents were not "injured" until some time *after* their deaths, appellees concede that no valid cause of action existed at the time of death which could be preserved under the survival statutes. The survival claims were clearly *barred.* (Footnotes omitted and second emphasis added). 436 A.2d 185.

The court in *Powell, (No. 1), supra,* in interpreting the Supreme Court's holding in *Anthony* concluded that notwithstanding that court's statement at the outset of its opinion that the issue in the case was whether the wrongful death and survival actions were barred by the applicable statute of limitations and the court's specific ruling with regard to the survival actions that those claims were "clearly barred" nevertheless was not making a ruling under the statute of limitations, but rather was holding ". . . that if the cause of injury resulting in death is unknown at the time of death, no valid cause of action existed at the time of death and, thus, no action can be brought even though after death the injury resulting in death can be related to the breach of duty." *Powell, (No. 1), supra,* p. 432.

It is really that *interpretation* of, and *extrapolation* from, *Anthony,* by the court in *Powell* rather than the specific holding of the *Anthony* court that the defendants in the cases at bar rely upon in support of their motions, because, *inter alia, Anthony* was dealing with significantly different statutes of limitations than that which applied both in *Powell* and in our cases. In any event, for the reasons which follow, we must disagree with the *Powell* reading of *Anthony,* because we believe that it read more into the Supreme Court's holding than is justified from the underlying facts of that case and the rationale of the court.

First, as indicated above, the *Anthony* court was construing statutes of limitations

which have since been repealed and replaced by the statute applicable in the instant actions. *See* footnotes 4 and 5, *Anthony,* 436 A.2d at 183.

The present statute of limitations applicable to both wrongful death and survival actions provides that an action to recover damages for injuries to the person or for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another must be commenced within two years from the time the cause of action accrued. 1976, July 9, P.L. 586, No. 142, § 2, effective June 27, 1978, 42 Pa.C.S.A. § 5524(2) and § 5502(a). This is particularly significant with regard to the wrongful death claims, because the applicable statute of limitations in *Anthony* provided that the action be brought within one year of death and not thereafter. And, as we previously demonstrated, it was this plain imperative and reference to a definite event, "Death," which the court found left no room for interpretation and which, thus, compelled a finding that the Legislature intended no discovery rule extension. *Anthony,* 436 A.2d at 184.

As set forth above, the statute applicable in the cases *sub judice,* as to both the Wrongful Death and Survival Act claims, provides that the action shall be commenced within two years of the *accrual of the cause of action,* a phrase which the *Anthony* court specifically gave as an example of language which left room for construction. 436 A.2d 184. Whereas, in *Anthony* the statute of limitations pertaining to Survival Act claims provided that such actions must be commenced within two years of the date of the *injury.*

*Anthony* and the present cases differ in another important way. In *Anthony,* none of the claims was filed sooner than five years after the death of the decedent. Thus, all of them clearly were well beyond and, therefore, subject to the bar of the controlling one and two year statutes of limitations *unless* a discovery rule was *adopted* by the Pennsylvania courts extend-

ing discovery to personal representatives of deceased tort victims—something which had not theretofor been done in Pennsylvania.

In contrast, each of the cases before us was instituted within two years of the death of the decedent, who had died before discovering the cause of his injury, which would be within the applicable statute, 42 Pa.C.S.A. §§ 5524(2), 5502(a), *unless* the discovery rule then applicable under Pennsylvania law to personal injury actions, such as the ones at bar, involving so-called "creeping diseases"[3] is *denied* to one who suffers such a personal injury and dies thereof before discovering its "cause" or instituting suit.

There is yet a third important distinction. In *Anthony* the plaintiffs, albeit as a desparate attempt to avoid the certain bar of limitations, made the novel argument that there was no *injury* to their decedents until the cause of their disease was discovered by the personal representatives after the death of the decedent. And, of course, as we develop more fully infra, it was this very argument and "concession" which resulted in their cases being held barred by the Supreme Court. *See* the court's holding and rationale p. 1164, *supra.*

In the cases before us, the plaintiffs do not make a similar argument or concession. Instead, they contend that indeed the decedent did suffer an injury during his lifetime, to-wit, the disease which ultimately caused his death, that this injury was caused by the wrongful act of the defendants, and that it resulted in damages to the decedent, his statutory heirs and his estate. Further, they contend, and for purposes of the instant motions, at least, defendants also contend, that the causal relationship was not known by the decedent during his lifetime. In this posture, unless *Anthony* truly did establish a new principle of Pennsylvania law that a cause of action does not accrue at all until the victim knows all of the elements necessary to the existence of the cause of action, then the plaintiffs have

**3.** *Ciabattoni v. Birdsboro Steel Foundry & Machine Co.,* 386 Pa. 179, 125 A.2d 365 (1956).

And see general discussion in *Anthony,* 425 A.2d at 434–436.

alleged sufficient facts to establish that a cause of action had accrued as to each of the decedents, during his lifetime, which, unless barred by the statute of limitations, survived his death and would be a predicate for a wrongful death action claim.

Four questions must be asked with regard to *Anthony* and the foregoing: (1) under the law prior to *Anthony* what were the elements of a cause of action for personal injuries, or, in other words, when did such a cause of action accrue; (2) prior to *Anthony* did Pennsylvania apply the discovery rule in personal injury cases in circumstances such as are involved here; (3) did *Anthony* purport to change existing law; and (4) if so, does *Anthony* represent the present law of the Commonwealth of Pennsylvania?

As to the first point, the court in *Powell (Nos. 1 and 2)*, citing ample Pennsylvania appellate authority, demonstrates quite clearly that under Pennsylvania law, at least prior to *Anthony,* a cause of action accrued when there was a concurrence of several factors. We quote from *Powell (No. 1)* at pages 431, 432:

> It is clear from the above cases that a cause of action consists of, (1) a duty owed, (2) the breach of that duty, (3) a legal injury, and (4) damages. It is further apparent that a "legal injury" means an injury causally related to the breach of duty. Where all of these factors exist there is a cause of action which has accrued and, if the accrual thereof occurred at or prior to the death of the decedent, then the cause of action survives the decedent's death, subject to the appropriate statute of limitations; if, however, one or more of the factors to constitute a cause of action is absent at or prior to the time of death, there is no accrued cause of action surviving the decedent.

Did *Anthony* purport to change that law, at least in the context of its application to wrongful death and survival actions? The court in *Powell* held that *Anthony* did. We believe that *Anthony* did not.

As to the application relative to wrongful death acts, as we have shown *supra,* the *Anthony* holding was quite simple and specific. The court held that the existing statute of limitations which required that an action for wrongful death be brought within one year of the date of the death of the decedent and not thereafter did not admit of any construction or extension by way of the so-called discovery rule. The statute was plain and the limitation was one year *from the date of death.* That is as far as *Anthony* needed to go to dispose of the claims brought under the Wrongful Death Act, since the earliest case had been filed five years after the decedent's death and the oldest ten years, and that plainly is as far as the court did go.

As to the survival action, the court was dealing with a statute of limitations which provided that the action must be brought within two years of the date of "injury." And, notwithstanding the conclusion of the court in *Powell* that the Supreme Court really was not applying a statute of limitations bar to the plaintiff's claims, it seems to us that this is what the court at least intended to do. It said so when it framed the issue in the very first paragraph of its opinion and appeared to be ruling on that basis in the final paragraph of its opinion when it spoke in statute-of-limitations terminology in holding that the plaintiff's claims were "clearly *barred.*" The confusion arises, we think, because of the argument made by the plaintiffs in *Anthony* that there was no *injury* to their decedents until the cause of their disease was discovered by the personal representative after the death of the decedent.

Plaintiffs obviously had to argue this to avoid summary judgment because: (a) as previously noted, they were grossly beyond the limitation periods then applicable; (b) the discovery rule had not been extended yet by the Pennsylvania courts to personal representatives in wrongful death or survival actions; and (c) the statute of limitation applicable to the survival acts ran from the date of *injury.* Therefore, plaintiffs apparently reasoned that even if the court refused to extend the discovery rule to personal representatives, if plaintiffs somehow

could persuade the court to accept the proposition that there was no *injury* until its *cause* was discovered, the plaintiffs could avoid the running of the statute by arguing that the suits were indeed brought within two years of the date of the injury. However, plaintiffs were hoisted with their own petard because they either failed to reckon with, or were unable to resolve the dilemma created by, the prevailing law which the Supreme Court cited; to-wit, without injury there can be no cause of action, and absent a cause of action during one's lifetime there obviously is no cause of action to be preserved by the Survival Act.

We believe that what the Supreme Court was saying to the plaintiffs was just this: It really does not matter where you turn or what you argue, these suits brought five to ten years after decedents' deaths are not maintainable. If you concede or argue that the decedent suffered legal injury during his lifetime and that a cause of action thus accrued during his lifetime, summary judgment must be entered against you, because the statute applicable to survival actions allows only two years from the injury to commence suit, and *at best* this period ran two years after decedent's death, since we are not extending the discovery rule to personal representatives in wrongful death or survival actions, and your earliest suit was filed five years after decedent's death. On the other hand, if you argue and concede (as plaintiffs in fact did) that there was no legal injury at all until the cause thereof was discovered, then summary judgment must be entered against you because it is fundamental tort law that without injury there can be no cause of action, and the Survival Act does not create a new cause of action, it merely "permit[s] a personal representative to enforce a cause of action which had already accrued to the deceased before his death." *Anthony, supra,* 436 A.2d at 185.

Where we disagree with the *Powell* holding is in that court's conclusion that the Supreme Court *implicitly* was holding that a cause of action *cannot exist or accrue without knowledge* on the part of the victim of all the elements thereof, including knowledge of the cause of his injury and the relationship of that to a wrongdoer. That is the standard for a determination of when the *statute of limitations* commences to run under the discovery rule, *see Anthony,* 425 A.2d at 436, not the standard for determining when a cause of action accrues, *see Powell (No. 1),* pages 431, 432 quoted herein at p. 1166. In short, we do not read the *Anthony* court as having agreed with plaintiffs' rationale that absent knowledge there is no injury. Rather, we believe that the court merely accepted, *arguendo,* the plaintiffs' premise; i.e., that there was no legal injury prior to decedent's death.

Moreover, to hold that knowledge is essential to the *accrual of a cause of action* is to preclude suit for recovery in those cases where the victim dies instantly or before regaining consciousness as a result of the tortious conduct of another. As the court in *Powell (No. 2)* observed on the basis of ample authority which it cited:

> The discovery rule, for the purposes of the statute of limitations, provides that the statute begins to run on the claim when the claimant knew or should have known of the injury caused by the breach of an owed duty; whether there is an accrued cause of action is not dependent upon the actual or constructive knowledge of an injury by the victim. The cases are legion allowing the maintenance of a lawsuit and recovery thereon where a victim suffers amnesia as to the event of an accident, or the victim is comatose as a result of the accident and dies without recovering consciousness or suffers instantaneous death. In such cases, the victim has no actual or constructive knowledge of an injury; however, the injury is established prior to the death either from the circumstances of the accident or from direct evidence of other witnesses. *Powell, (No. 2),* p. 447.

As we previously noted, the entire rationale for the ruling of the *Anthony* court on the plaintiffs' Survival Act claims appears in the final substantive paragraph of its decision. 436 A.2d at 185. And we are

unwilling to conclude that the *Anthony* court intended on the basis of such meager and ambiguous rationale to overrule, *sub silentio,* decades of Pennsylvania authority and traditional tort law or to make such a far-reaching decision denying access to the courts by the estates of innocent tort victims.

There is a more fundamental reason why *Anthony* should not be the basis for granting summary judgment here. The opinion in *Anthony* was written by Justice Wilkinson. Then Justice, now Chief Justice, Roberts and Justice Flaherty joined in the opinion, and Justices Larsen and Kauffman concurred only in the result. Justice Nix did not participate in the decision, and Chief Justice O'Brien dissented. It appears, therefore, that only three of the seven justices of the Pennsylvania Supreme Court joined in the opinion.

■ "Under Pennsylvania law, an opinion joined by fewer than a majority of the justices on the Commonwealth's Supreme Court is not binding or controlling precedent ... an opinion of 'less than a majority of the [Pennsylvania Supreme] Court ... must be treated only as an expression of the views of a minority of the court.'" *Vargus v. Pitman Mfg. Co.,* 675 F.2d 73 at 74 (3d Cir.1982). Further, "a concurrence in the result only cannot confer precedential value to an opinion." *Vargus, supra,* p. 75.

■ Since *Anthony* does not have the effect of changing the long-established rules of law in these matters applicable in the Commonwealth of Pennsylvania, those rules still apply. *See, Vargus, supra,* p. 75. As we pointed out earlier, it is, and has been, the law of Pennsylvania that a cause of action accrues when there is the concurrence of (a) a breach of duty, (b) harm proximately resulting from that breach of duty, and (c) damages flowing therefrom.

■ It also is, and has been, the law of Pennsylvania that with regard to personal injury actions the statute of limitations—as distinguished from the *accrual* of a cause of action—commences to run when the injured party knew or reasonably should have known (a) of the nature of his injury or disease, (b) the cause of that injury or disease, and (c) the legal relationship between the cause of that disease and wrongful act of the defendant. *Anthony, supra,* 425 A.2d at 436.

■ To the extent that the question is open under Pennsylvania law, we must predict how the Pennsylvania Supreme Court ultimately will rule on the question of how long a personal representative has under the applicable statute of limitations, 42 Pa. C.S.A. §§ 5524(2), 5502(a), to institute suit to recover damages as to one who died without discovering the cause of his injury, *see McKenna v. Ortho Pharmaceutical Corp.* 622 F.2d 657 (3d Cir.1980).

We believe, based on the foregoing, that the Pennsylvania Supreme Court will read the statute in the light of the existing, and now well-established, law of Pennsylvania relative to the application of the discovery rule to personal injury actions and conclude that the statute commences to run when the victim had, or reasonably should have had, the knowledge set forth by the Superior Court in *Anthony,* 425 A.2d at 436, but commences at the latest on the death of the victim, so that all actions must be brought within two years of that date at the latest.

We believe that this ruling is entirely consistent with the ruling of the Pennsylvania Supreme Court in *Anthony* that the discovery rule will not be extended to the personal representative of one whose death resulted from the tortious conduct of another, and yet is in harmony with that body of Pennsylvania law relative to the application of the discovery rule in personal injury actions which has been in place for decades.

■ In the instant cases, the plaintiffs have alleged and the defendants, at least for purposes of their motions for summary judgment, have not challenged, that the decedent (a) suffered from a disease, (b) which was caused by the inhalation or ingestion of asbestos dust and fibers, and (c) that the exposure of the decedent was due to actionable conduct of the defendants, and (d) that damages flowed as a proximate

result of the foregoing. Plaintiffs also alleged and defendants, again for purposes of these motions, do not dispute, that while the decedent was aware during his lifetime that he had the ailment, he was not aware of its cause and the causal relationship was not ascertained by the plaintiffs until after the decedent's death. Further, all of the instant suits were filed within two years of the death of the decedent.

From those undisputed facts and solely for purposes of the motions before us, we conclude that under the applicable Pennsylvania law a cause of action against the defendants had accrued to decedents during their lifetimes. We further conclude the statute of limitations had not run during the decedent's lifetime, because while the decedent knew he had an injury he did not know, and, so far as the record before us on the motions for summary judgment is concerned, could not have known, of the cause thereof. Therefore, the statute of limitations had not run at the time of the decedent's death. Accordingly, there remained at least two years left of the statute at the time that the decedent died. Since the instant suits were brought within two years of the date of death, it follows that the two year period of the applicable statute of limitations had not run, and the defendants' motions for summary judgment should be denied. Cf. *Grubb v. Albert Ernstein Medical Center,* 255 Pa.Super. 381, 387 A.2d 480 (1978); *Keating v. Zemel,* 281 Pa.Super. 129, 421 A.2d 1181 (1980); *Carney v. Barnett,* 278 F.Supp. 572 (E.D.Pa.1967).

An appropriate order will follow.