471 A.2d 1233

Stella E. GRAVINESE, Administratrix of the Estate of Victor Gravinese, Deceased and Stella E. Gravinese in Her Own Right, Appellant,

v.

JOHNS–MANVILLE CORPORATION, Johns-Manville Sales Corporation, Raybestos-Manhattan Inc., Owens-Corning Fiberglass Corp., Forty-Eight Insulation, Inc., Nicolet Industries, Inc., Pittsburgh Corning Corporation, Gaf Corporation, Celotex Corporation, Armstrong Cork Company, Unarco Industries, Inc., H.K. Porter Co., Inc., Southern Asbestos Company, Eagle-Picher Industries, Inc., Amatex Corporation, Delaware Asbestos and Rubber Company, Pacor, Inc., Fibreboard Corporation, Keene Corporation, Garlock, Inc., J.P. Stevens, Inc., Turner-Newall, Ltd.

Superior Court of Pennsylvania.

Argued April 25, 1983.

Filed Jan. 20, 1984.

Petition for Allowance of Appeal Denied July 23, 1984.

434

Neil R. Peterson, Philadelphia, for appellant.

Andrew F. Susko, Philadelphia, for appellees.

Before CERCONE, President Judge, and SPAETH, HESTER, CAVANAUGH, WICKERSHAM, WIEAND and HOFFMAN, JJ.

WIEAND, Judge:

May wrongful death and survival actions be commenced more than seven years after death if the plaintiff, who is the decedent's widow and personal representative, is able to show that the actions were commenced within one year after she became aware that her husband's death had been caused by prolonged exposure to asbestos? The trial court held that the actions were barred by applicable statutes of limitations and entered summary judgments in favor of all named defendants.[1] We affirm.

Victor Gravinese died on September 8, 1971. In January, 1977, letters of administration were issued to his widow, Stella Gravinese, in New Jersey. She filed a complaint in

---

1. Named as defendants were: "Johns-Manville Corporation, Johns-Manville Sales Corporation, Raybestos-Manhattan, Inc., Owens-Corning Fiberglass Corp., Forty-Eight Insulation, Inc., Nicolet Industries, Inc., Pittsburgh Corning Corporation, GAF Corporation, Celotex Corporation, Armstrong Cork Company, Unarco Industries, Inc., H.K. Porter Co., Inc., Southern Asbestos Company, Eagle-Picher Industries, Inc., Amatex Corporation, Delaware Asbestos and Rubber Company, Pacor, Inc., Fibreboard Corporation, Keene Corporation, Garlock, Inc., J.P. Stevens, Inc., Turner-Newall, Ltd."

436

the Court of Common Pleas of Philadelphia County on January 24, 1979. An amended complaint was filed on July 30, 1979 and contained wrongful death and survival actions grounded in negligence, strict liability in tort and breach of warranty. This amended complaint contained averments that the decedent had been a pipe insulator employed during the 1950's and 1960's aboard United States Navy ships, both in dry dock at the Philadelphia Navy Yard and elsewhere and on navigable waters of the United States. His death, plaintiff asserted, had been caused by cancer which, in turn, had been produced by continuous exposure to asbestos dust and fibers.

■ Prior to June 27, 1978, when the Judicial Code became effective, Section 2 of the Act of April 26, 1855, P.L. 309, 12 P.S. § 1603, provided that an action for wrongful death "shall be brought within one year after the death, and not thereafter." [2] A two year statute of limitations applicable to survival actions sounding in tort was contained in Section 2 of the Act of June 24, 1895, P.L. 236, 12 P.S. § 34.[3] Breach of warranty actions are governed by a four year statute of limitations. Uniform Commercial Code, Act of 1959, October 2, P.L. 1023, § 2, 12A P.S. § 2–725, *repealed and reenacted*, Act of 1979, November 1, P.L. 255, § 8, codified at 13 Pa.C.S. § 2725. See: *Williams v. West Penn Power Co.*, 502 Pa. 557, 570, 467 A.2d 811, 818 (1983). Unless equitable considerations compel a different result, these statutes of limitations were applicable to the present actions and barred the commencement of a wrongful death action after September 7, 1972 and the survival action in trespass after September 7, 1973. The survival action for

2. The Act of 1855 has been repealed by Section 2a (310) of the Judiciary Act Repealer Act of April 28, 1978, P.L. 202, effective June 27, 1978. The statute now provides a limitation of two years and appears at Section 5524(2) of the Judicial Code, 42 Pa.C.S. § 5524(2).

3. Repealed by Section 2a (807) of the Judiciary Act Repealer Act. The statute of limitations has now been codified at 42 Pa.C.S. § 5524(2).

breach of warranty would have been barred, at the latest, on September 7, 1975.[4]

■ Appellant suggests that admiralty law and the doctrine of laches must be applied to determine her right to maintain the present actions. Therefore, she argues, her actions are not subject to the limitations established by the Pennsylvania statutes. In *Volpe v. Johns-Manville Corp.*, 323 Pa.Super. 130, 470 A.2d 164 (1983), this Court stated that one who had been employed as a welder at the Philadelphia Navy Yard, where he had come into contact with asbestos products while working on ships in dry dock and on navigable waters of the United States, was not engaged in a distinctly maritime role. Absent a maritime nexus, we held, a cause of action for injury sustained by exposure to asbestos is not controlled by principles of laches under maritime law. Such an action, rather, is subject to the time constraints contained in the Pennsylvania statutes of limitations. The decision in *Volpe* is determinative of the instant appeal. Appellant's decedent, a pipe coverer and insulator on ships both in dry dock and in navigable waters of the United States, was not engaged in activity that bore a significant relationship to traditional maritime activity. His work was not the same as that which was traditionally performed by members of a ship's crew. The dangers which he faced as a shipyard worker were not the traditional concerns of admiralty. *Volpe v. Johns-Manville Corp., supra*, 323 Pa.Superior Ct. at 139–140, 470 A.2d at 169–170, quoting *Austin v. Unarco Industries, Inc.*, 705 F.2d 1, 12–13 (1st Cir.1983). See also: *Owens-Illinois, Inc. v. United States District Court*, 698 F.2d 967 (9th Cir.1983). Contra: *White v. Johns-Manville Corp.*, 662 F.2d 234 (4th Cir.1981), *cert. denied*, 454 U.S. 1163, 102 S.Ct. 1037, 71 L.Ed.2d 319 (1982).

---

**4.** The Judiciary Act of 1976 provides in pertinent part that "[n]o cause of action fully barred prior to the effective date of this act shall be revived by reason of the enactment of this act." Act of 1976, of July 9, P.L. 586, § 25(b) (reprinted at 42 Pa.C.S.A. § 5524 (Purdon 1981)). The new statute of limitations codified at 42 Pa.C.S. § 5524 can therefore have no applicability to the instant action.

 Appellant argues next that the Pennsylvania "discovery rule" is applicable to wrongful death and survival actions so as to preclude a summary determination that her actions to recover for the death of her decedent are time barred. The "discovery rule" "provides that where 'the existence of the injury is not known to the complaining party and such knowledge cannot reasonably be ascertained within the prescribed statutory period, the limitation period does not begin to run until the discovery of the injury is reasonably possible.' " *Taylor v. Tukanowicz*, 290 Pa.Super. 581, 585, 435 A.2d 181, 183 (1981), quoting *Schaffer v. Larzelere*, 410 Pa. 402, 406, 189 A.2d 267, 270 (1963). However, in *Anthony v. Koppers Co.*, 496 Pa. 119, 436 A.2d 181 (1981), the Supreme Court held that the "discovery rule" was inapplicable to wrongful death and survival actions. Because of the express language of the statutes of limitations, the Court held, the statutory periods applicable to such actions begin to run, at the latest, on the date of the decedent's death.

Appellant contends that *Anthony v. Koppers Co., supra,* has no precedential value because less than a majority of the members of the Court joined in the opinion authored by Mr. Justice Wilkinson. This argument must fail. If the lead opinion did not command a majority of the Court, the decision that the wrongful death and survival actions were time barred did command such a majority. Any question in this regard was dispelled by the dissenting opinion of Chief Justice O'Brien. He clearly understood that the majority's determination to enter summary judgment was based upon its conclusion that the "discovery rule" had no application to wrongful death and survival actions. Under these circumstances, the decision must be accorded precedential significance. See: *Commonwealth v. Scott*, 279 Pa.Super. 8, 11–12, 420 A.2d 717, 719 (1980). Indeed, this Court has already acknowledged the determinative effect of the *Koppers* decision in *McNair v. Weikers*, 300 Pa.Super. 379, 387 n. 5, 446 A.2d 905, 909 n. 5 (1982).

 Moreover, the reasoning employed by the opinion writer in *Anthony v. Koppers Co., supra,* is persuasive. The language of the wrongful death statute of limitations is clear and free from ambiguity. A wrongful death action "shall be brought within one year after the death, *and not thereafter.*" (emphasis added).[5] "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S. § 1921(b). The survival statute did not create a new cause of action; it simply permitted a cause of action accruing prior to death to be enforced after death by the decedent's personal representative. See: *Harvey v. Hassinger,* 315 Pa.Super. 97, 101, 461 A.2d 814, 816 (1983). The period of limitations applicable to a survival action sounding in tort, therefore, cannot be extended more than two years beyond the date of death. Similarly, a survival action based on a breach of warranty, which occurs upon delivery, cannot be extended more than four years beyond the date of delivery of the defective product which, in all events, must occur before death. See and compare: *O'Brien v. Eli Lilly & Co.,* 668 F.2d 704, 711 (3d Cir.1981).

 Appellant implies that a statute of limitations is merely a technical defense which should be strictly construed so as not to preclude enforcement of an otherwise valid cause of action. However, " '[t]he defense of the statute of limitations is not a technical defense but substantial and meritorious.... "Statutes of limitations are vital to the welfare of society and are favored in the law. They are found and approved in all systems of enlightened jurisprudence. They promote repose by giving security and stability to human affairs. An important public policy lies at their foundation. They stimulate to activity and punish negligence. While time is constantly destroying the evi-

---

**5.** The codified statute of limitations appearing at 42 Pa.C.S. § 5524(2) does not contain the same language. It contains provision for a two year period of limitations with no specific requirement that it be measured from the date of death. At 42 Pa.C.S. § 5502(a), it is provided that the period of limitations shall be computed from the time the cause of action "accrued."

dence of rights, they supply its place by a presumption which renders proof unnecessary. Mere delay, extended to the limit prescribed, is itself a conclusive bar. The bane and antidote go together." ' " *Schmucker v. Naugle*, 426 Pa. 203, 205–206, 231 A.2d 121, 123 (1967), quoting *United States v. Oregon Lumber Co.*, 260 U.S. 290, 299–300, 43 S.Ct. 100, 102, 67 L.Ed. 261, 270 (1922). See also: *Insurance Company of North America v. Carnahan*, 446 Pa. 48, 284 A.2d 728 (1971).

■ Appellant argues in her brief, but did not pursue during oral argument, that to apply a statute of limitations without a "discovery rule" exception is to render the statute unconstitutional on equal protection and due process grounds. Not only did appellant fail to plead this issue, but she also failed to give notice to the Attorney General as required by Pa.R.C.P. 235(a). Where this procedure is not followed, the issue must be deemed abandoned or waived. *Irrera v. Southeastern Pennsylvania Transportation Authority*, 231 Pa.Super. 508, 515, 331 A.2d 705, 708 (1974). Moreover, we deem it inappropriate that an intermediate appellate court should be asked, under the guise of alleged unconstitutionality, to review the correctness of the Supreme Court's decision in *Anthony v. Koppers Co., supra*.

■ Substantively, appellant's argument is lacking in merit. She does not argue that the relevant statutes of limitation are unconstitutional. She argues, rather, that the decision of the Supreme Court in *Anthony v. Koppers Co., supra*, rendered the statutes infirm on equal protection and due process grounds. The Supreme Court there held that statutes of limitations pertaining to wrongful death and survival were applicable equally to all such actions, without exception. Appellant argues nevertheless that death action statutes of limitations, to be constitutionally valid, must be applied in the same manner as statutes of limitations are applied to common law actions for personal injury, i.e., with a "discovery rule" exception. The law is otherwise. There is no requirement that all statutes of limitation be uniform. See: *Cadieux v. International Telephone & Telegraph*

*Corp.,* 593 F.2d 142 (1st Cir.1979). The Equal Protection Clause of the Constitution does not deny a state the power to treat different classes of persons in different ways; it merely requires that the classification be reasonable, not arbitrary, and rest upon some ground of difference having a fair and substantial relation to the object of the legislation so that all persons similarly circumstanced will be treated alike. *Moyer v. Phillips,* 462 Pa. 395, 400–401, 341 A.2d 441, 443 (1975).

Appellant's reliance upon *Logan v. Zimmerman Brush Co.,* 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982), to support her due process argument is misplaced. There, Logan had been denied access to the courts because of the negligence of a state agency. In this manner he was denied access to the courts by state action. It was this which constituted a violation of due process. In the instant case, appellant's failure to file a timely action in the courts was unrelated to any state action or inaction. Subject only to the rule that a reasonable time to sue must be allowed, statutes of limitations pertain to remedies and do not impair fundamental rights. *Chase Securities Corp. v. Donaldson,* 325 U.S. 304, 65 S.Ct. 1137, 89 L.Ed. 1628, *reh. denied,* 325 U.S. 896, 65 S.Ct. 1561, 89 L.Ed. 2006 (1945). See also: 51 Am.Jur.2d *Limitation of Actions* § 27 (1970).

Finally, appellant argues that a jury could find that appellees were estopped from asserting a statute of limitations defense because they had not warned users of asbestos products of hazards inherent in the use thereof. Because of defendant's secrecy, it is argued, appellant was unable to obtain knowledge which would have enabled her to file a timely action. There is no merit in this contention.

"Mere mistake, misunderstanding or lack of knowledge is not sufficient to toll the running of the statute." *Schaffer v. Larzelere,* 410 Pa. 402, 405, 189 A.2d 267, 269 (1963); *McNair v. Weikers, supra,* 300 Pa.Superior Ct. at 388, 446 A.2d at 909. It is only where the defendant, through fraud or concealment, causes the plaintiff to relax

his or her vigilance or to deviate from the right of inquiry that a defendant is estopped from invoking the bar of the statute of limitations. *Schaffer v. Larzelere, supra,* 410 Pa. at 405, 189 A.2d at 269; *Plazak v. Allegheny Steel Co.,* 324 Pa. 422, 431, 188 A. 130, 134 (1936). In general, this requires that a defendant have done something amounting to an affirmative inducement to plaintiff to delay bringing the action. 22 P.L.E., Limitation of Actions § 9. The party asserting estoppel, moreover, has the burden of proving fraud by evidence that is clear, precise and convincing. *McNair v. Weikers, supra,* 300 Pa.Superior Ct. at 388, 446 A.2d at 909; *Courts v. Campbell,* 245 Pa.Super. 326, 330, 369 A.2d 425, 428 (1976). See also: *Doner v. Jowitt and Rodgers Co.,* 299 Pa.Super. 492, 497, 445 A.2d 1237, 1239 (1982).

■ The record in this case discloses neither averment in the pleadings nor evidence during pre-trial discovery proceedings that would create an issue of fraud or concealment sufficient to estop appellees from asserting a statute of limitations defense. There was no conduct by any appellee that caused appellant to deviate from her right of inquiry concerning the cause of her husband's death. There was no conduct by appellees to suggest that the applicable statutes of limitations would not be enforced. Appellees are not estopped from asserting a limitation of actions defense merely because they failed to call to the attention of appellant those facts which would have enabled her to plead a cause of action without further investigation.

The applicable statutes of limitations and the decided cases are determinative of the instant appeal. Appellant's wrongful death and survival actions are time barred; and the trial court properly entered summary judgment in favor of appellees.

Order affirmed.

SPAETH, J., concurs in the result.