493 A.2d 724

**Betty Ann POWELL, Executrix of the Estate of John D. Powell, Deceased, Appellants,**

**v.**

**JOHNS–MANVILLE CORPORATION, Pittsburgh Corning Corporation, Owens–Corning Fiberglas, Eagle Picher Industries, Inc., Forty-Eight Insulations, and Keene Corporation**

**v.**

**OWENS–ILLINOIS, INC., Unarco Industries, Inc. and Celotex Corporation.**

Superior Court of Pennsylvania.

Argued Oct. 24, 1984.

Filed May 24, 1985.

William R. Caroselli, Pittsburgh, for appellants.

Charles Kirshner, Pittsburgh, for appellee.

Before SPAETH, President Judge, and BROSKY and OLSZEWSKI, JJ.

SPAETH, President Judge:

This appeal is from orders granting motions for summary judgment in actions under the Wrongful Death Act, 42 Pa.C.S. § 8301, and Survival Act, *id.* § 8302. Appellant alleges in her complaint that her husband's death was caused by exposure to asbestos products manufactured by appellees. The trial court filed two separate opinions, one disposing of the survival action and the second disposing of the wrongful death action. The opinions rest upon the assumption that to maintain an action under either statute, the decedent had to know that exposure to asbestos was the cause of his injuries. This assumption is mistaken. We therefore reverse and remand for trial.

The decedent was employed by Pennsylvania Industrial Chemical Corporation and Hercules Corporation from 1956 until January 1978, when he was diagnosed as having cancer of the colon. On July 6, 1978, he died. At the funeral home, one of the decedent's cousins, a physician, suggested to appellant that she look into whether her husband's death had been caused by exposure to asbestos. Appellant filed her complaint on July 3, 1980.

Appellees argue, and the trial court held, that since the decedent did not know that there was a causal relationship between his cancer and his exposure to asbestos, no cause of action accrued during his lifetime, and, therefore,

no cause of action existed, either to survive his death, or to form the basis of a wrongful death claim. We may dispose of this argument summarily. The very same argument was made, on identical facts—wrongful death and survival actions, when at the time of his death the decedent did not know the cause of injury—in *Redecker v. Johns-Manville Products Corp.*, 571 F.Supp. 1160 (W.D.Pa.1983). The District Court rejected the argument, and refused to enter summary judgment. In doing so, it correctly applied Pennsylvania law. The defendants in the District Court relied heavily on the reasoning of the trial court in this case. However, as the District Court observed, to accept that reasoning would "preclude suit for recovery in those cases where the victim dies instantly or before regaining consciousness as a result of the tortious conduct of another." 571 F.Supp. at 1167. We have nothing to add to the District Court's demonstration that such a result would be unwarranted, and contrary to law.[1]

We think it appropriate, however, to comment on one aspect of the decision in *Redecker*, and of our decision here, lest it appear that there is a conflict in the cases on when the statute of limitations commences.

■ In *Redecker*, the District Court predicted, on the basis of the Supreme Court's decision in *Anthony v. Koppers Co., Inc.*, 496 Pa. 119, 436 A.2d 181 (1981), that the Supreme Court would rule that the statute of limitations commences "when the victim had, or reasonably should have had, the knowledge set forth by the Superior Court in *Anthony [v. Koppers Co., Inc.*, 284 Pa.Super. 81, 96–97], 425 A.2d [428] at 436 [1981], but commences *at the latest*

---

1. We do disagree with the District Court's observation that the Supreme Court's opinion in *Anthony v. Koppers Co., Inc.*, 496 Pa. 119, 436 A.2d 181 (1981), is without precedential value because it expressed the view of only three of the seven Justices, with two Justices concurring in the result. *Redecker v. Johns-Manville Products Corp.*, 571 F.Supp. 1160, 1168 (W.D.Pa.1983). *See Gravinese v. Johns-Manville Corp.*, 324 Pa.Super. 432, 438, 471 A.2d 1233, 1236–37 (1984).

*on the death of the victim,* so that all actions must be brought within two years of that date at the latest." 571 F.Supp. at 1168 (emphasis added).[2] We agree that this statement reflects a correct understanding of the Supreme Court's opinion in *Anthony.* In *Pastierik v. Duquesne Light Company,* 341 Pa.Super. 329, 491 A.2d 841 (1985), we held that wrongful death and survival actions may be commenced more than two years from the date of death. However, *Pastierik* rested upon the interpretation of a different statute of limitations than those that were controlling in *Anthony.* In *Anthony* the suits had been commenced more than two years after death. The statute of limitations applicable to wrongful death actions provided: "[T]he action shall be brought within one year after death, and not thereafter." 12 P.S. § 1603.[3] The statute applicable to survival actions provided:

> Every suit hereafter brought to recover damages for injury wrongfully done to the person, in case where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; in cases where the injury does result in death the limitation of action shall remain as now established by law.

12 P.S. § 34.[4]

**2.** *In Anthony v. Koppers Co., Inc., supra,* 284 Pa.Superior Ct. at 96, 425 A.2d at 436, this court had cited *Volpe v. Johns-Manville Corp.,* 4 Phila. Reporter 290, 295–96 (1980), for its statement of the discovery rule that the statute of limitations does not begin to run until the plaintiff has: "(1) knowledge of the *injury;* (2) knowledge of the *operative* cause of the injury; and (3) knowledge of the *causative relationship* between the injury and the operative conduct." (Emphasis in original). The *Volpe* test was modified in *Cathcart v. Keene Industrial Insulation,* 324 Pa.Super. 123, 136, 471 A.2d 493, 500 (1984) (plaintiff must know that his injury has been caused by another party's conduct).

**3.** Section 2 of the Act of April 26, 1855, P.L. 309, *repealed by* Section 2(a) [310] of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202 effective June 27, 1978.

**4.** Section 2 of the Act of June 24, 1895, P.L. 236, *repealed by* Section 2(a) [807] of the Judiciary Act Repealer Act, Act of April 28, 1978, P.L. 202, effective June 27, 1978.

*See Gravinese v. Johns-Manville Corp.*, 324 Pa.Super. 432, 471 A.2d 1233 (1984). In contrast, the statute of limitations now in effect, and applicable to the survival and wrongful death claims in *Pastierik, Redecker,* and here, provides that suit must be commenced within two years "from the time the cause of action accrued." 42 Pa.C.S. § 5524(2). *See id.* § 5502(a). Thus, in *Pastierik* we held that the appellant's claims were not barred, though raised more than two years from death, if she could prove that she was unable, despite the exercise of reasonable diligence, to know of her decedent's injury or its cause.

■ Appellees argue that the Supreme Court's opinion in *Pocono International Raceway v. Pocono Produce, Inc.*, 503 Pa. 80, 468 A.2d 468 (1983), filed after *Redecker,* undermines the analysis in *Redecker.* We find no merit in this argument. In *Pocono,* the owners of a raceway sued for damages alleged to have been caused when a truck owned by Pocono Produce ran into an arched steel tunnel on the raceway's premises. Some two months after the collision, the raceway was closed and the tunnel sealed for six months. The raceway commenced suit against Pocono Produce about two weeks after the two-year statute of limitations had run, unless the discovery rule exception to the statute applied. In the course of its opinion the Court stated that "[t]he 'discovery rule' ... arises from the *inability* of the injured, *despite the exercise of due diligence,* to know of the injury or its cause." 503 Pa. 80, 468 A.2d at 471 (emphasis in original). Appellees, relying on this statement, argue that here the decedent's cause of action accrued, and the statute of limitations began to run, when cancer was diagnosed in January 1978. However, the decedent's position was in no way comparable to the raceway's. As the Court noted in *Pocono,* the fact that the tunnel had been closed for six months "[did] not alter the ascertainability of the damage. This is not the sort of blameless ignorance which compels the application of the discovery rule ..." 503 Pa. at 86, 468 A.2d at 471. The raceway had

the "ability to ascertain the cause of action and to institute the suit within the applicable period of limitations." *Id.*, 503 Pa. at 86, 468 A.2d at 471–72. All the raceway had to do was look at the tunnel after the collision to see what damage had been done. The decedent suffered no collision. Instead, it is alleged—and on motion for summary judgment the allegation must be taken as true—that the decedent suffered from a "creeping disease," the essence of which is that "[i]t is difficult to determine at what point the exposure caused the disease, and after the disease has been contracted, to discover its cause." *Anthony v. Koppers Co., Inc.*, 284 Pa.Super. 81, 93, 425 A.2d 428, 434 (1980), *rev'd on other grounds*, 496 Pa. 119, 436 A.2d 181 (1981). So far as appears now, the decedent despite reasonable diligence did not know the cause of his injury before his death. It follows that for purposes of deciding the motions for summary judgment, the statute of limitations had not run during his lifetime, from which it further follows that his survivors and representatives were entitled to sue for his injuries and those suffered by his family until the expiration of a period of two years from "the time the cause of action accrued." 42 Pa.C.S. §§ 5524(2); *see* 5502(a).[5]

Order reversed.

5. Appellees state in their brief that "[t]his Court has consistently ruled, ... that the 'discovery rule' does not apply to wrongful death and survival actions." Brief for Appellees at 4. The cases cited for this proposition are inapposite. *Staiano v. Johns-Manville Corp.*, 304 Pa. Super. 280, 450 A.2d 681 (1982), was not a wrongful death or survival action. *Gravinese v. Johns-Manville Corp.*, 324 Pa.Super. 432, 471 A.2d 1233 (1984), and *McNair v. Weikers*, 300 Pa.Super. 397, 446 A.2d 905 (1982), were wrongful death and survival actions, but in *McNair*, the action was commenced five years after death, and in *Gravinese*, more than seven years after death. In both cases the applicable statutes of limitations were the same as those applicable in *Anthony v. Koppers Co., Inc., supra. See* notes 3 & 4 *supra.* Here, insofar as the pleadings and depositions disclose, the action was commenced within two years of the time the cause of action accrued. 42 Pa.C.S. § 5524(2); *Pastierik v. Duquesne Power and Light Co., supra.*